Marshall, Ch. J.,
 

 after stating the facts of the case, delivered the opinion of the court, as follows : — *It is contended by the plaintiff in error, that, after the dissolution of the partnership,
 
 *49
 
 the acknowledgment of one partner is evidence to revive the original cause of action against both, and that the acknowledgment made in this case by Clarke is sufficient for that purpose.
 

 It has been frequently decided, that an acknowledgment of a debt barred by the statute of limitations, takes the case out of that statute, and revives the original cause of action. So far as decisions have gone on this point, principles may be considered as settled, and the court will not lightly unsettle them. But they have gone full as far as they ought to be carried, and this court is not inclined to extend them. The statute of limitations is entitled to the same respect with other statutes, and ought not to be explained away.
 

 In this case, there is no promise, conditional or unconditional; but a simple acknowledgment. This acknowledgment goes to the original justice of the account; but this is not enough. The statute of limitations was not enacted to protect persons from claims, fictitious in their origin, but from ancient claims, whether well or ill founded, which may have been discharged, but the evidence of discharge may be lost. It is not, then, sufficient to take the case out of the act, that the claim should be proved or be acknowledged to have been originally just; the acknowledgment must go to the fact that it is still due. In the case at bar, the acknowledgment of John Clarke is, that he had not discharged the account presented to him, but he does not say, that it was not discharged. His partner may have paid it, without the knowledge of Clarke, and consequently, the declaration of Clarke that he had not himself paid it, and that he did not know whether his partner had paid it or not, is no proof that the debt remains due, and therefore, is not such an acknowledgment as will take the case out of the statute of limitations. There is no error, and the judgment is affirmed, with costs.
 

 Judgment affirmed.