Per Ouriam.

The facts presented by the record in this case do not substantially vary from the facts as they appeared when this cause was before this Court at July term, 1826 ; and upon the authorities then cited and the opinion then given, the Court is of. opinion the statement by Gass “ that he would settle by the books,” &c. will not take the case out of the operation of the Statute. These words do not import an acknowledgment on his part of an actual subsisting debt, then due by him to the estate of John Russel.
Let the judgment of the Circuit Court be affirmed.
Judgment affirmed.
The following is the opinion of the Court alluded to in the above case, as it was delivered by Judge Whyte. It is deemed unnecessary to state the facts relied upon to take the case out of the Act of Limitations, as then *590 presented by the record, inasmuch as they do not substantially vary from the facts as above stated; and also because they are adverted to in the subjoined opmion of Judge Whyte- (page 274). The judge, having previously stated the facts, proceeded as follows : —
The evidence shows that in this case the dealings between the parties ceased in 1808, and the balance then, if in favor of Russel, became a debt due to him, and his cause of action was completed. From that time also, the Statute of Limitations began to run, and the period of eleven years elapsed before suit was brought. This barred the action. Judicial decision has, however, determined that although the original cause of action has been rendered inert by time, and wholly inefficient, yet that it may be revived by circumstances. The English decisions have assumed a latitude which their judges regret, and which is less suitable to [273] our state of society, as being less condensed and less stationary. In the case of Hellings v. Shaw, 7 Taunton, 608, Lord Chief Justice Gibbs says : “We have, in the first place, the strong inclination of the judge that this conversation did not take the case out of the Statute. I agree that if the courts could retrace their steps, and could see all the consequences that have arisen, they would have seen it was better to adhere to the precise words of the Statute than to attempt to relieve in particular cases. There are three cases in which the words of the Statute would discharge the defendant, but in which the courts have held him liable. One is, when the defendant has admitted the debt unpaid, but has stated that it was discharged by the lapse of time. Another is, where the defendant has stated, not that the debt was due, but that it is discharged by a particular means, to which he has with precision referred himself, and where he has designated the time and mode so strictly that the Court can say it is impossible it had been discharged in any other mode; there the Court have said, if the plaintiff can disprove that mode, he lets himself in to recover, by striking from under the defendant the only ground on which he professes to rely. A third case is, where the defendant challenges the plaintiff to produce a particular mode of proof of his liability; there, if the plaintiff produces that proof, the courts have said the defendant shall not be discharged, though the Statute says he shall.”
So far, we are informed by the very respectable testimony of Chief-Justice Gibbs, the English courts have gone. Shall we follow fhem, or, rather, shall we make a pause and adopt a course more congenial with our situation, and more accordant with the letter, as also with the spirit of our Statute. Such a course is pointed out to us by the highest authority, the Supreme Court of the United States. In the case of Clementson v. Wilson, 8 Cranch, 72, Chief-Justice Marshall, in delivering the opinion of the Court, says: “ The Statute of Limitations is entitled to the same respect with other statutes, and ought not to be explained away. In this case there is no *591 promise but a simple acknowledgment. This acknowledgment goes to the [274] original justice of the account; but this is not enough. The Statute of Limitations was not enacted to protect persons from claims fictitious in their origin, but from ancient claims, whether well or ill founded, which may have been discharged, but the evidence of discharge may be lost. It is not then sufficient to take the case out of the Act, that the claim should be proved, or acknowledged to have been originally just; the acknowledgment must go to the fact that it is still due.”
This construction of the Act of Limitations, by the Supreme Court of the United States, this Court adopts, as'well from its superior authority as from its greater conformity with the letter and spirit of the Statute than others, and its salutary influence on society.
In the case before the Court two witnesses were introduced by the plaintiff below, to testify to a conversation between the parties for 'the purpose of taking the case out of the Statute. They say that within three years before the bringing of the suit, they heard defendant say he was willing to settle by plaintiff’s books, if plaintiff would settle by his, defendant’s books. Plaintiff said she was willing not to take advantage of the Act, if he did not. Defendant said he was willing to settle if he could get his credits. This conversation does not show the acknowledgment of any debt by defendant; it only shows reciprocal pretensions by the parties, not acquiesced in on either side, with defendant’s willingness to settle if he could get his credits. So far from the acknowledgment of a debt in 1808, when these dealings were discontinued, its existence then is rather repelled, from the circumstance that Gass then wanted and urged Russel to come to a settlement, which he deferred; and for this reason Gass would deal no further with him. Gass’s claim of a credit of a third tierce of whiskey and 110 bushels of wheat, though not satisfactorily substantiated, corroborate the position that his, Gass’s, understanding always was that no debt existed; and gives a definite meaning to the above conversation, when he, Gass, said he was willing to settle if he could get his credits; that is, if he could get his credits, there would be no balance against him. There is, [275] therefore, no acknowledgment of a debt in 1808, much less of a subsisting debt within three years next’ before the bringing of the suit. The finding, therefore, of the jury, upon the issue joined on the plea of the Statute of Limitations, was not warranted by the evidence; and the judge erred in not having granted a new trial on that ground.
The judgment of the Circuit Court must be reversed, and the cause remanded to the Court below to be tried de novo.
Judgment reversed and new trial awarded.