*74 The opinion of the Court was delivered by
O’Neall, J.
In the view which we have taken of this case, it will only be necessary to consider, whether the complainant’s claim is barred by the statute of limitations.
It is perfectly obvious that, so long as a partnership continues, the possession of one is the possession of both, and consequently the statute of limitations cannot be interposed by either. So soon as the partnership is dissolved, this joint tenancy is ended, and the partners then stand as other individuals in society, each claiming for himself. At the dissolution a new relation may be, as was in this case, created between them. If one undertakes- to collect the partnership funds and account to his co-partner for his share, this creates a direct trust, and so long as it continues the statute could not be a bar. But whenever it is ended by an account and actual division of the partnership funds, as far as the collecting partner admits them to be so, this is an end of the trust; and as to any matters which one claims and the other denies to be his right, the statute then begins to run. Starke vs. Starke, (3 Rich., 438,) Moore vs. Porcher, (Bail. Eq., 195.)
On the 25th Dec., 1817, the copartnership between the complainant and defendant was dissolved. The defendant undertook to collect the funds of the copartnership, and continued to do so until Dec., 1819, at which time a division of the partnership effects took place. The whole concern was then settled, except the two items which are now in dispute, and of which the complainant insisted he was entitled to the one-half, and which the defendant denied.-' In 1817 the relation of partners ceased between them, and the defendant for the complainant’s moiety, became his trustee. In December, 1819, this trust was ended, and each stood in his own right, the one claiming and the other denying a right to participate in a specific fund. From this time the statute of limitations commenced to run in favor of the defendant. It is, however, said that the statute can have no application to accounts between merchant and merchant, and that this is a case of that kind. I have always understood *75 the saving of the statute in this respect to' apply to cases of mutual accounts of debit and credit between merchant and merchant. So long as this mutuality of account continues, of course the statute does not apply; but the moment the mutuality of the account ceases, there is no longer anything to prevent the attaching of the statute. The one lias the right to demand from the other the balance due, and in assumpsit, or debt, to sue for and recover it. Against each of these actions, the lapse of four years from the accrual of the cause of action is a bar. The accrual of the cause of action, and the time to bar the prosecution of it, is to be computed from the date of the last item in the account. This saving of the statute has, however, no application to the case now before us. So long as they were merchants they were partners and no action at law could be maintained by either against the other. They were, in law, one person, and in Equity, where their accounts must be settled, each is considered as holding for both. Hence the statute could not, in this saving, have had any reference to accounts between partners, for there was no necessity for any such saving to prevent the statute from affecting them. But if the case was in other respects within the saving, the settlement in 1819 ended the mutuality of the account, and from that time the statute, in this point of view, would also commence to run. Before a debt is barred by the statute, a slight acknowledgment will be sufficient to prevent its operation. But the acknowledgment, in that case, must be in words, or in effect, an admission of a subsisting debt, which the party is liable to pay. If a party, without qualification, proposes to refer a case to arbitration,'it has been held to be enough to take a case out of the statute. This proceeds on the notion that it is an admission that something may be due. So, if one admits that a debt is just, it will be enough to prevent the operation of the statute. But if a proposition to refer to arbitration, or a recognition of a demand claimed by one against another, is accompanied by an explicit denial that any thing is. due, it will not take the case out of the statute, for the law cannot imply a promise against the express words of *76 the party. ll.'Eng. C. L. R., 134. The rule is, I think, correctly stated in a note to 2 Stark, on Ev., 895, referring to Clementson vs. Williams, 8 Cranch, 72. " It is not sufficient to take a case out of the statute, that the claim should be proved, or acknowledged to have been originally just: the acknowledgment must go to the fact that it is still due.” In Brown vs. Campbell, 1 Serg. and R., 176, Tilghman C. J., says “ I never can agree that a letter, which denies that the defendant was ever liable to the plaintiff’s demand, will avoid the act of limitations, merely because it is not denied that payment has been made.” See 2, Stark, on Ev., 895, note 1.
The defendant, in his proposition to arbitrate, in his conversations about the dispute between himself and his brother, and in his letter of the 10th September, 1823, uniformly denies that there was any mistake in the entries complained of, or that he was, in that respect, at all indebted to the complainant. None of these are, therefore, sufficient to prevent the operation of the statute, which had run out more than two years before the filing of the bill.
I regret that between brothers, and two honorable and just men, it should have been thought necessary by one of them to rely on this legal defence, more especially when, from the examination which the cases have received on the Circuit, I am satisfied that the justice of it is with the complainant. But it is our duty to shut our eyes to all the facts, except such as relate to the statute of limitations, and being satisfied that they are not enough to prevent its operation, we are bound to allow to the defendant the protection of its bar. It is. therefore, ordered and decreed, that the Circuit decrees be reversed, and the complainant’s bill be dismissed without costs.
JOHNSON and Harper, JJ., concurred.

Decrees reversed.