JOHN GULICK and SONS, ads. THE PRINCETON AND KINGSTON BRANCH TURNPIKE COMPANY.

If on the trial of the cause, the defendant gives in evidence stale demands on his part, and insists upon their being allowed by the Jury, he shall not at the same time, set up the statute of limitations, against similar demands on the part of the plaintiff, where the claims on both sides are matters of book accounts. But, if the defendant makes no claim for any items of account on his part, he is at liberty to interpose the statute of limitations against so much of the plaintiff's account, as is of more than six years standing before suit brought. The defendant does not waive his plea of the statute of limitations, by opposing his own account of more than six years standing, to so much of the plaintiff's of the same character.

To constitute mutual accounts, there must be mutual dealings and reciprocal demands within the six years. It is not sufficient, that there are items on both sides of the account; there must be items within the six years on both sides.

This case having been tried at the Somerset Circuit, and a verdict rendered for the plaintiffs, on the return of the postea

the court granted a rule to shew cause, why the verdict should not be set aside and a new trial granted. This rule was argued at the last term by *Wall* and *J. S. Green,* in support of the rule, and by *Southard* and *Field,* contra.

The opinion of the court was delivered at this term by

HORNBLOWER, C. J. This action was brought for the recovery of moneys claimed by the plaintiffs, to be due to them from the defendants, for tolls. The defendants pleaded, first, *non assumpsit,* secondly, payment, with notice of set-off; and thirdly, the statute of limitations. On each of these pleas issue was taken, by the usual replication. The Jury rendered a verdict for the plaintiffs. In support of the rule to shew cause, several reasons were assigned and discussed on the argument, one of which was, that the judge had misdirected the jury on the subject of the statute of limitations. The plaintiffs' account, commenced on the 1st January, 1818, and continued up to the month of July, 1826 : and the last item in the account exhibited by the defendants, was in 1819. This action was commenced in the vacation preceding the May Term, 1831, so that a part only of the plaintiffs' account, and none of defendants,' had accrued within six years, before suit brought. The defendants insisted, on the trial, that all the items of the plaintiffs' account, beyond the six years, were barred by the statute of limitations. On this point, the court charged the jury as follows, " That where accounts are not mutual, but have ceased on one side, the statute begins to run ; but if the defendants *go back* of that time, so may the plaintiffs."

It is to the latter clause of the sentence just quoted, that exception is taken by the defendants' counsel. But I can see nothing erroneous in the abstract proposition. If, on the trial of the cause, the defendant gives in evidence stale demands on his part and insists upon their being allowed by the jury, he shall not, at the same time, set up the statute of limitations against similar demands, on the part of the plaintiffs, where the claims on both sides are matters of book account. But, if the defendant makes no claim, for any item of account on his part, he is at liberty to interpose the statute of limitations, against so much of the plaintiff's account as is of more than six years standing before suit brought. But the error in this case, was in the

misapplication of the principle embraced in the judge's charge. The defendants had pleaded payment and given notice of a set-off, and the bill of particulars, which had been furnished by them under that plea and notice, consisted of an account of more than six years standing before suit brought, no item of which was within the six years; on the trial of the cause, the defendants rested their defence against so much of the plaintiffs' accounts, as were of more than six years standing, upon the statute of limitations. The court, however, considered the defendants as precluded from setting up the statute against any part of the plaintiffs' account, because in their bill of particulars, the defendants had themselves " gone back" of the six years. In this, I apprehend, there was an error. If the defendants had not exhibited any set-off, it is admitted, that all the items of the plaintiffs' demand, beyond the six years would have been barred. So on the other hand, if the defendants' accounts had extended to a period within the six years, the statute would not have applied to the case. The whole difficulty arises from the exhibition by the defendants of a demand on their part, of more than six years standing.

It was insisted, however, by the plaintiffs' counsel on the argument, that these are such mutual accounts, as by the equity of the clause respecting merchants' accounts, are held not to be within the statute. But the cases cited for the purpose, do not sustain their position. In *Catlyn* v. *Scoulding*, 6 *T. R.* 189, the accounts continued on both sides to a period which was within the six years. In *Belles* v. *Belles*, 7 *Halst.* 339, the rule is correctly stated. There must be *mutual* dealings and *reciprocal* demands within the six years. It is not sufficient that there are items on *both* sides of the account; there must be items *within* the six years, on *both* sides. Otherwise, the dealings for the last six years, have not been *mutual*, but on one side only. The charge made by the defendants in 1819, is evidence, according to the artificial reasoning which has prevailed on this subject, that there *then* was an open and unsettled account between the parties; but it is not, *now*, evidence that the account up to *that period*, *still* remains open and unsettled. So long as the defendants continued to make charges, so long they admitted an open account; but when they ceased to make charges, the ac-

count ceased to be a mutual one. If we consider each successive entry, as a new admission or promise; then, as in this case, there has been no entry on the part of the defendants since 1819, there has therefore been no such admission by them within six years of a pre-existing debt or account. The statute therefore, must apply to all that part of the plaintiffs' account beyond that period.

But, it is said, if the defendants intended to rely on the statute, they ought not to have given notice of any set-off, of more than six years standing. Such a course, however, may be necessary for the protection of a defendant. If an action is brought on an old account, the defendant may consider it barred by the statute, and plead it accordingly ; but lest, under some circumstances that may appear in the cause, or some evidence that may be given by the plaintiff, that plea should fail to protect him, he may plead payment also, with notice of set-off. On the trial in such case, he may set up the statute as a bar to the plaintiff's demand ; but if that does not avail him, he may lawfully insist upon being allowed by way of set-off, so much of his account as he may have proved, though like the plaintiff's account, it should be of more than six years standing. If a defendant may not do this, he must stand exposed to the hazard of having the whole of the plaintiff's accounts established against him, without any allowance for his part of the old account. The law is not so. A defendant does not waive his plea of the statute of limitation, by opposing his own account of more than six years standing, to so much of the plaintiff's, as is of the same character.

It was only by an equitable construction of the statute, that mutual accounts, extending back of the period of six years, were saved from its operation ; and at this day, after what has been said by this court, in *Belles* v. *Belles*, 7 *Halst.* 339, and in view of the sentiments expressed in *Clementson* v. *Williams*, 8 *Cranch*, 72 ; *Sands* v. *Gelston*, 15 *Johns. R.* 511; *Roosevelt* v. *Mark*, 6 *Johns. C. R.* 266, 290; *Wetzell* v. *Bassard*, 11 *Wheat. R.* 310; *Bell* v. *Morrisson*, 1 *Peters, U. S. R.* 357, and other American cases, I feel no inclination to limit the operation of the statute by any equitable construction, farther than has already been done.

Without intimating any opinion on other points raised on the argument, I think for the reasons given, the rule to shew cause, must be made absolute, and the costs to abide the event of the suit.

FORD, J. and RYERSON, J. concurred.

New trial granted.

CITED in *Nolin* v. *Blackwell*, 2 *Vr.* 173.