Mr. Justice Thachek.
delivered the opinion of the court.
Writ of error to Tallahatchee county circuit court.
The question is presented whether the contract on the note is within the statute of limitations. The evidence insisted upon as proof of acknowledgment, is, that the plaintiff in error, in reply to a demand of payment, stated, that “he recollected the note well, had thought of it often, and expected to have heard of it before; that it was a just note, but that he had offsets against it.”
Statutes of limitation are designed as acts of quiet and repose, and as a means of the discouragement of lawsuits, which is of great interest to every good government. It is the part of public policy to discountenance those who permit the remedies for their rights to be postponed by their own unreasonable forbearance, and hence has arisen that motto in jurisprudence, that the law is created for the watchful and not for the negligent. The statute, however, although it bars the remedy, does not extinguish the debt, and it may therefore be revived by a subsequent promise on the part of the defendant. The question what shall be considered as amounting to a promise, or a sufficient acknowledgment of a debt, has been the cause of great difference of opinion in the courts. After much examination of the adjudged cases, and reflection upon the consequences which have followed a too liberal view of this question, the best method to ensure the advantages designed by the statute seems to be, to hold that in order to take a case out of the statute of limitations, an express acknowledgment of the debt, as a debt due at that time, or an *572 express promise to pay it, must be proved to have been made within the time prescribed by the statute.
In the case before us, the statement of the plaintiff in error that the note was just, taken by itself, might be viewed as amounting to an acknowledgment of an existing debt, but when it is remembered that, in this connexion, he also remarked that he had offsets against it, it is impossible to give any other meaning to that-statement, than that of an acknowledgment of the debts’ having been originally just. This is insufficient to take a case out of the statute. Clementson v. Williams, 8 Cranch, 72.
Judgment reversed, and new trial awarded.