Parker, J.
The declaration contains three counts; two upon promises of the testator, and the third upon a promise of the defendant as executor. The defendant first pleaded non assumpsit by the testator generally, and, at a subsequent term, “ the act of limitation of actions;” which, I think, we ought to consider as a plea that his testator had not assumed within five years; for as his testator died in 1831, and this action was brought in 1833, it is not reasonable to presume, that he meant to deny that his own assumpsit, as executor, had been made within five years before the suing out of the writ. If the plea had been drawn out in form, it must have presented the bar of the non assumpsit of the testator within five years; and on this record, we can come, I conceive, *48 to no other reasonable conclusion. This being so, the , • • verdict of the jury responds to neither issue, and the judgment ought for this reason to be reversed.
I am I amalso of opinion, that the declaration of the testator ¿[efeil(jant t0 t[je plaintiff, when he applied to him to settle the account—“ I am too unwell to do business now—when I am better, I will settle your acVcount”—was not such an acknowledgment of the justice of the account, as to take the case out of the operation of the statute requiring the court to expunge all items bearing date over five years before the death of the testator ; and that the court erred in overruling the defendant's motion.
The modern decisions, discarding the distinctions and refinements which had gone nigh to repeal the statute of limitations, and justly considering it as “ an act of peace,” to protect against long-dormant claims, even where they might not have been paid, have reestablished the doctrine settled in England soon after the making of the statute, 21 Jac. 1. ch. 16. from which our law is laken; namely, that the subsequent promise or acknowledgment, to take the case out of the statute, ought to be such a one as if declared upon would support an action of itself; that is, it must be an express promise to pay, or such an acknowledgment of a balance then due, unaccompanied by reservations or conditions, as hat a jury ought to infer from it a promise to pay. See the old cases Dickson v. Thomson, 2 Show. 126. Heyling v. Hastings, 1 Ld. Raym. 389. 421. 1 Salk. 29. Green v. Crane, 2 Ld. Raym. 1101. 1 Salk. 28. 6 Mod. 309. Bass v. Smith, 12 Vin. Abr. Evidence. T. b. 63. pl. 4. p. 229. Lacon v. Briggs, 3 Atk. 105. and the modern cases of Pittman v. Foster, 1 Barn. & Cress. 248. A’Court v. Cross, 3 Bingh. 329. Tanner v. Smart, 6 Barn. & Cress. 603. 8 Eng. Com. Law Rep. 67. 11 Id. 124. 13 Id. 273. recognized in this court in the cases of Butcher v. Hixton, and Farmers Bank v. Clarke, 4 Leigh 519. 603. and *49 settled by the supreme court of the U. States in Wetzell v. Bussard, 11 Wheat. 309. and Bell v. Morrison, 1 Peters 360.
It is plain, that the declarations of the testator in the case now before us were made in reference to an unset-tied demand, and therefore very unsatisfactory evidence of the quantum, of damages. The application was to settle. The testator said, he was then too unwell to do business; clearly implying that it would be attended with some trouble and labour to adjust the account and ascertain the balance. This precludes the idea of his meaning to acknowledge any balance to be due, much more of a promise, express or implied, to pay it. The jury themselves did not consider the answer of the testator to refer to any stated balance; and have repudiated the ground taken by the court of a promise to pay arising from the words proved, by considerably reducing the amount of the account shewn to the testator, in consequence of payments and credits existing before the supposed acknowledgment and promise. If we infer a promise to pay the balance stated from the promise to settle, we infer a promise to pay a sum not actually due; and if it is to be taken as a promise to pay any balance that may be found due on a future settlement between the parties, then that settlement ought to be averred, and that a certain balance was found thereupon to be due.
Yet I do not mean to say, that a promise to settle an account may not, under some circumstances, be equivalent to a promise to pay, so as to take a case out of the statute of limitations. It depends upon the nature of the application, and the terms of the answer; as evincing a mere intent to adjust the account and see where the balance lies; or an acknowledgment of a stated balance ; which to settle, means to pay. Thus, if one, upon an account being presented to him, says, “ it is right, and I will settle it at a future day,” there *50 could be no doubt about his meaning, and a jury would . . . . * infer a promise. But, m the present case, the promise to settle, means (as I think) to go into a settlement, to adjust, to compare with another account, and to fix or c]e¡-erm¡ne a balance, which may be on the one side or the other. Taking it to mean this, I do not think it justified the court in overruling the defendant’s motion to expunge the stale items : in this respect also the judgment is erroneous.
The other questions in the case, I do not consider it material to decide.
Brockenbrough, J.
The chief difficulty in this case .is, to ascertain from the record the real issues which the jury tried. The first plea which was filed, “that the testator did not assume,” was, obviously, not an answer to the whole declaration; it was no plea to the third count; and the plaintiff might have objected to its reception, or be might have taken issue on it, and had a writ of inquiry of damages awarded as to the third count. He failed to do so; and I have no doubt, that the counsel on both sides either forgot or disregarded the third count. The plaintiff replied generally, and joined issue on the plea to the two first counts, and the jury were sworn to try that issue: but they did not agree on a verdict. At the next term, the defendant pleaded the act of limitation of actions, to which plea the plaintiff replied generally, and joined issue 5 and the jury were sworn to try the issue joined. I am satisfied, that by this plea, thus briefly and informally put in, the defendant did not mean to respond to the third count at all, but that, as he had before pleaded that the testator had not assumed, so here he pleaded that the testator had not assumed within five years. He would hardly have pleaded that he himself as executor did not assume within five years, when he had not pleaded that he as executor did not assume at all. The *51 record shews, that his testator had died only three years before the filing of the plea ; and the defendant would not have pleaded that he did not as executor assume within five years, since, if it could be proved that he had assumed at all in that character, he must have assumed after his appointment, that is, within three years, and so the plea of the statute of limitations would have been no bar to the count against him as executor. If, then, he had intended to plead to the count charging an insimul computassent with him as executor, he would have pleaded the general issue, that is, that he did not assume in manner and form as in the third count is charged upon him ; which is not done.
This is, I think, the only way of understanding the loose plea of “the act of limitation of actions.” There is then, in fact, no issue whatever as to the defendant himself, and the finding of the jury that the “ defendant did assume upon himself within five years next before suing out the original writ in this cause,” does not respond to the real issues in the cause; which were, 1. whether the testator assumed, and 2. whether the testator assumed w’ithin five years; and it responds to an issue which was not made.
I am also of opinion, that the court clearly erred in refusing to cause to be expunged from the account on which the action was brought, every item appearing to be due thereon five years before the death of the testator; that is, the whole account. The declaration made by the testator when applied to by the plaintiff to settle his account—“ I am too unwell to do business now— when I am better, I will settle your account”—does not, in my estimation, amount to any acknowledgment of the justice of the debt brought against him, or of the correctness of the account; nor does it amount to a promise to pay it. That declaration ought not to have been allowed to take the case out of the operation of the 16th section of the statute for limitation of actions.
*52 I am inclined to think that the court was correct in . . , , , •, . . , rejecting the bond which was ottered in evidence as a set-off; but as it is unnecessary, I do not think proper to give any decided opinion on the subject.
Brooke, J.
I shall say nothing on the subject of the pleadings: the cause must be sent back, and the irregularity of the pleadings may be corrected in the court below. The error for which the judgment of the circuit court must be reversed, is the refusal of the judge, on the motion of the defendant’s counsel, to expunge all the items in the account exhibited by the plaintiff, which appeared to have been due more than five years before the testator’s death, in pursuance of the 16th section of the statute of limitations. I am clearly of opinion, that the evidence stated in the bill of exceptions was not enough to take the case out of the statute. The plaintiff applied to the defendant’s testator to settle the account ; he said, he was too unwell to do business then ; but when he was better, he would settle it. This did not amount to a promise to pay any balance that might be due, or to an acknowledgment that any balance was then due: at most, it was only an acknowledgment that an account was to be settled. But if more could be made of it; if it had been admitted by the testator, that there was a debt due upon the account, the amount to be ascertained on a settlement; that would not have been enough to take the case out of the statute of limitations. For I think it now well settled, that an acknowledgment that a debt was originally due, will not take a case out of the statute of limitations ; Clementson v. Williams, 8 Cranch 72. This is treating the case at bar, as if it stood upon a plea of the general statute of limitations; which is the most favourable view of it for the plaintiff.
*53 Tucker, P.
I am of opinion, that this judgment “• should be affirmed. The objections which my brethren deem fatal to it, do not seem to me to justify its reversal.
The first alleged error I shall examine, is that which respects the issues. It is said, the jury have not responded to the issues, but have gone out of them. There were two issues. The first was non assumpsit by the testator. The second is entered thus : “ the defendant pleads the act for the limitation of actions.” This short entry, according to the loose practice with us, is to be understood as drawn out at length, and into such form as to meet the intention of the pleader. The plea is to the whole declaration, not to any one count. It must, therefore, be understood to mean, that the defendant pleaded that plea to each count; so that it is to be applied, distributively, to them all. Hence, the construction of the entry is, that the defendant pleads to the two first counts, that his testator did not assume within five years, and to the last count, that he himself did not assume within five years. The counsel for the plaintiff in error, indeed, has not contended, that this was only a plea that the testator did not assume within five years; but my brethren seem to think it must be interpreted to refer to the testator's assumption, in exclusion of the executor's. This is not a necessary inference ; and I will not draw it for the purpose of vacating a judgment rendered on the verdict of a jury, who have responded to the, plea, as a plea that the executor did not assume. The verdict thus shews, that the plea was understood at the trial as I understand it, and the jury pronounced upon it accordingly. I do not think this court should be too astute in inferring what will lead to reversal of a judgment after a fair trial.
The verdict of the jury, then, has fairly responded to this issue. I think it responds to the whole, having assessed damages generally for the “ nonperformance of the promises and assumptions in the declaration men *54 tioned,” to the amount of 213 dollars. Now, as there > was only one count against the defendant on his own promise, the verdict must have comprehended the counts against him on the testator’s promises, and, of course) have found the issues made up upon them. But even if it had not, it would be no ground for reversing the judgment at the defendant's instance; for the finding upon the last count against him was sufficient to justify the judgment. Had the jury even found against the plaintiff on the first issue, he would have been entitled to judgment on the third count. The omission to find, cannot place him in a worse situation than a finding against him. In like manner, if it were true that there was no plea to the third count, the plaintiff would have had a right to judgment on that count, and a writ of inquiry of damages. Now here, he has a judgment, and the damages are ascertained, we will suppose, upon the false idea that there was an issue. Can the defendant complain of this ? Did not the proceeding enlarge, instead of impairing his rights, by permitting him to contest the action, instead of confining the jury to an inquiry of damages ? Shall we now send the cause back to enter a judgment by default, and inquire of damages, when there is already a judgment upon a verdict, and the damages ascertained ? Cui bono ?
The next error alleged is the refusal to expunge the items of more than five years standing. The court properly refused to do so, if there was an express assumpsit of the testator, sufficient to take the debt out of the statute of limitations. Brooke's adm’rs v. Shelley, 4 Hen. & Munf. 266. Now here, it is proved that the plaintiff applied to the testator to settle the account: he replied, “ I am now too unwell, but when I am better, I will settle your account.” This was in the year 1829, when the account was not barred by the statute ; and the forbearance to press a sick man, and the postponement of the demand upon the faith of his promise, is to be the occasion of the loss of the debt!
*55 How are we to understand the promise to “ settle the . 1 account r The phrase is vulgarly used, very oíten, as equivalent to a promise to pay. But admit that in this case it was used in a more limited sense, and meant only a promise to go into an examination of the account for the purpose of ascertaining the balance : does not such a promise amount to a promise to pay such balance as might appear against the debtor ? Why promise to settle, if I do not mean to pay, in case the balance is against me ? The promise to settle, amounts to a promise to pay. It is a sufficient promise to take a debt out of the statute ; and it ought lo be so, as the delay is the delay of the debtor.
But it is said, the promise ought to be sufficient to give a new cause of action. And so it is. The balance not being ascertained, indeed, nor the precise amount known which may be due, the plaintiff has only title to nominal damages, unless he proves the amount of his account; and to entitle him to recover at all, he must shew that there is some balance at least in his favour. Suppose the defendant had expressly said, “ As soon as I am well, I will go into a settlement, and whatever balance appears against me I will pay you.” Can it be doubted, that after five years from the original contract, an action would lie against him or his executor, in which the balance due might be proved and recovered? I imagine not. And if so, the promise in this case gave a right of action; for a promise to settle, amounts, at the- least, to an engagement to pay the balance when ascertained. I cannot make this matter plainer by argument.
Judgment reversed, verdict set aside, and new trial ordered, to try the issues already joined, and any other issue which may be joined on a plea to be filed to the third count of the declaration; with directions to the circuit court, if the motion shall be renewed to expunge *56 the items of the account due more than five years before the death of the testator, without other evidence of a promise or acknowledgment of the debt than that set forth in the bill of exceptions, to cause the same to be expunged.