### ISAAC STEWART v. JOSEPH W. RECKLESS.

By a discharge in bankruptcy a debt is extinguished ; it cannot be revived, but may be the consideration of a new promise or agreement ; but conversations had by the bankrupt after his discharge, in which he declares his intention to pay the debt, will not amount to a promise.

This was an action on a promissory note for $424, dated April 1, 1842, payable in one year, with interest. There were several pleas to the declaration, but it is only necessary to notice the 4th, which was a discharge under the bankrupt act of 1841. To this plea the plaintiff replied—1. A new promise by defendant, after the discharge, to wit, September 15th, 1846. 2. A new promise by defendant to pay when he should be able, made after the discharge, to wit, September 15th, 1846, and that he was able to pay. Issue was joined on both these replications.

On the trial, the plaintiff proved the original note and the defendant's present ability to pay. The proof of the new promise relied on was as follows :

*Charles Britton* testified that he heard defendant say he

owed Stewart a note of about $500, presumed it was the plaintiff in this suit; as to the exact time he could not say, thought it was the fall of 1846, probably in September; was not exactly sure of that. Reckless .said he owed Isaac Stewart two notes, one of about $50, the other of about $500. He said he intended to pay both notes, the small note the following spring; and he had some lots near New York, he had a prospect of selling them, and then he intended to pay the large note. He said Isaac Stewart was a poor man, and he had always told him he intended to pay him; he was obliged to take the benefit of the bankrupt law, but intended to pay him, as he was a poor man. And being *cross-examined* said —This conversation with Reckless was at his own house; no person was present at this conversation except witness and Reckless. Witness was there as a constable on a state's warrant, and arrested defendant on said warrant; the warrant was on the complaint of Isaac Stewart; witness had told him he had this warrant against him before this conversation took place. In *chief*—It was the same day I heard defendant have a conversation with Judge Vanderbeck, which was the same in substance.

*Cornelius Vanderbeck* testified—In September, 1846, about the middle of the month, both plaintiff and defendant were brought before me by state's warrant. Stewart came before me and made complaint. I endeavored to reconcile them; and while Stewart had gone into the village to get security, I was talking with the defendant what was the difficulty between them. He said the difficulty was he owed plaintiff some money on two notes; the small one, of between $40 and $50, he would pay about the 1st of April; the large one, of $400 or $500, he would pay as soon as he was able or convenient. Nobody but Britton was by.

The defendant produced in evidence a certificate of discharge under the bankrupt act; and the evidence being closed, the defendant's counsel moved for a nonsuit, which was denied *pro forma*, and a verdict for the plaintiff was taken, subject to the opinion of this court, whether, upon the case made, the plaintiff is entitled to recover.

This cause was argued before the CHIEF JUSTICE and Justices ELMER and POTTS, by Mr. *Randolph* for the plaintiff, and Mr. *Dayton* for the defendant.

Mr. *Randolph* cited, in support of the action, 7 *Hals.* 339, *Belles* v. *Belles;* 1 *Pet.* 351, *Bell* v. *Morrison;* 5 *Taunt.* 36, *Lee* v. *Moggridge;* Cowp. 290; 11 *Ad. & Ell.* 438; *Eastman* v. *Saville*, 9 *M. & W.* 615; *Story on Prom. Notes*, § 143 and 185; *Chitty on Contr.* 47; 3 *Greenl. Ev.* § 107; 1 *Saund. Pl. & Ev.* 256; *Doug.* 192, *Alsop* v. *Brown;* 1 *Stark R.* 370–2; *H. Black.* 116; 14 *Johns. R.* 178; 3 *Wend.* 344; 7 *Johns.* 36; 28 *Maine*, 550; 5 *Har. & J.* 216; 3 *Bos. & P.* 149; *Doug.* 146; 5 *Bar.* 369.

Mr. *Dayton*, for defendant, cited, 3 *Wend.* 135, *Depey* v. *Hoart;* 4 *Wend.* 420, *Moore* v. *Deile;* 9 *Wend.* 297; 5 *Ser. & Rawle*, 4.

POTTS, J.   To maintain an action upon a promise to pay a debt barred by the statute of limitations, it must be shown that the promise was express, unqualified, unconditional, and in consideration of a debt which was actually due in whole or in part. And if the promise be coupled with a condition, or a contingency, that the condition has been performed, or the contingency has happened. *Bell* v. *Morrison*, 1 *Peters*, 362; *Wetzell* v. *Bussard*, 11 *Wheaton*, 309; *Sands* v. *Gelson*, 15 *Johns. R.* 511; *Bang* v. *Hall*, 2 *Pick.* 368.

It has been held that the promise is not to be regarded as the revival of the old debt, but as a new contract, springing out of, and supported by the original consideration. Upon this question, however, it must be conceded that the authorities to be found in the books, as well as the practice adopted or sanctioned by the courts, are very much in conflict. But recurring to the language of the 4th section of the bankrupt act of 1841, which governs this case, it seems to me there is but little room for any difference of opinion. That section enacts, that "such discharge and certificate, when granted, shall, in all courts of justice, be deemed a full and

complete *discharge* of all debts, contracts and other engagements of such bankrupt, which are provable under this act, and shall be pleaded as a *full and complete bar* to all suits," &c.

A debt discharged is a debt extinguished. If the old debt was extinguished—the obligation to pay gone—nothing remained of legal liabilities. But as the debt had been discharged, not by payment, not by the act of the creditor, but by the operation of the law, there remained a moral obligation, which has been held to be a sufficient consideration to support a new promise, agreement, or contract to pay. But, then, it is a clear, logical deduction from the premises, that the new contract is the foundation of the action, and not the former indebtedness.

The plaintiff, here, alleges a new promise; the defendant denies it. This is the issue, and the burthen is on the plaintiff to prove it. Has he done so?

The evidence upon which the counsel for the plaintiff relies, is the admission of Reckless made to *Britton*, that " he had always told Stewart he *intended* to pay him." As to the rest, it only amounts to an acknowledgment by the defendant of his former indebtedness on the two notes, and his *intention* to pay the large note when he sold certain lots, or when he should be able, or it was convenient; not made to or in the presence of the plaintiff or his agent, but to third parties. Then, is this a promise, an agreement, or contract to pay the plaintiff the amount of the old note?

The expression of an *intention* to do a thing, is not a *promise* to do it. An intention is but the purpose a man forms in his own mind; a promise is an express undertaking, or agreement to carry the purpose into effect. The intention may begin and end with the person who forms it. A promise, supported by a good consideration, can only be rescinded by the act of both the parties to it—for to make a binding promise, there must be a promisee as well as a promisor.

There is no evidence in this case, of any express promise made by the defendant to the plaintiff, or to any body

Banta et al. v. Demarest.

acting as his agent in the premises; and nothing, therefore, upon which to found a legal liability to pay this debt; and I therefore am of opinion that the verdict should be set aside and judgment entered for the defendant.

GREEN, Ch. J., and ELMER, J., concurred.