# JOHN H. JOHNSON

## vs.

# SAMUEL GREGG.

Where the Statute of Limitations is pleaded in bar, a new promise need not be specially replied, but it may be given in evidence under the general issue.

At Law. No. 5530. Decided December 19, 1870.

MOTION by defendant for a new trial on a bill of exceptions in an action of assumpsit.

THE CASE is sufficiently stated in the opinion.

Mr. A. B. WILLIAMS for plaintiff.

Messrs. LLOYD & SCEVA for defendant.

Mr. Justice WYLIE delivered the opinion of the Court:

This is an action of assumpsit, which was brought on the 11th of February, 1869. A bill of particulars was annexed to the declaration and referred to as the cause of action, consisting of two items only, and stating a balance due of $212.72, on the 11th of September, 1865, a period of more than three years previous to the commencement of the action.

To this declaration the defendant pleaded both the general issue and the plea "that the alleged cause of action did not accrue within three years before this suit."

The plaintiff replied by joining issue on the defendant's pleas.

At the trial the plaintiff gave in evidence testimony proving a promise made by the defendant within three years before the bringing of the action, to pay the plaintiff the amount of the claim sued upon. After the evidence had been received without objection from the defendant, the counsel for the defendant asked the court to instruct the

jury that the evidence was incompetent and ought to be wholly disregarded, and that their verdict should be for the defendants; but the court rejected this prayer of the defendant's counsel, and the verdict was in favor of the plaintiff for the amount of his claim with interest.

To this ruling of the court defendant excepted, and entered a motion for a new trial, on which the cause has been brought here on appeal.

The principal authority relied on by the appellant is in the 440th section of 2 Greenleaf's Evidence, where the author says: " Where the statute is pleaded in bar, and the plaintiff would avoid the bar by proof of an acknowledgment of the claim, this can be done only under a special replication of a new promise within the period limited."

In the present instance the only replication was a general joinder of issue by the plaintiff on the defendant's pleas— there was no special replication of a new promise within the period of limitations.

From respect to the high authority of the author of this work, we have examined the proposition just quoted, with special care, and have been forced to the conclusion that it was laid down without the author's usual consideration, and that it is erroneous.

The Statute of Limitations contains certain enumerated exceptions, any of which will exempt a claim from its operation; as that the plaintiff was beyond seas; that the debt or account was between merchants and mutual; or that the plaintiff was a minor, or *non compos mentis*. In either of these instances, if the defendant has pleaded the statute, it is necessary for the plaintiff to reply specially, and aver the existence of the disability which prevented the operation of the statute against his claim. See 2 Saunders on Pl. & Ev., 643.

But an acknowledgment of the debt, or a new promise to pay it, which may take a case out of the statute, is not one of the exceptions provided for in the statute itself; and as to

7DC—10

this it need not be pleaded specially in the replication, unless it is in certain excepted cases which have no relation to the one we are now considering.

In 1 Chitty's Pleadings, 582, the author says:

"When the Statute of Limitations has been pleaded, either that the defendant did not undertake, or that the cause of action did not accrue within six years before the 'exhibiting of the plaintiff's bill,' and the plaintiff could prove a promise or acknowledgment within that time, the replication might deny the plea generally, and conclude to the country."

The same doctrine was held by Abbott, C. J., in Beardmore *vs.* Rattenburg, 5 B. & A., 432, and in Upton *vs.* Else, 12 Moore's R., 303, 22 E. C. L., 451. This last was an action of assumpsit on the money counts alone. The plea was the Statute of Limitations, to which there was the general replication. The cause of action declared on was of thirteen years' standing, but at the trial the plaintiff was allowed to give evidence of a new promise made by the defendant within the six years; and, thereupon, Best, C. J., directed the jury to find for the plaintiff. Afterwards, the defendant's counsel moved for a new trial before the whole court, on the ground that the plaintiff was not entitled to recover because his declaration was for the original cause of action, and he had been allowed to prove a different cause of action, namely, the new promise. But the Chief Justice answered: "We have every wish to give full effect to the statute. Probably, the new promise ought to be declared on specially; but the practice is inveterate the other way, and we cannot get over it."

The true answer, however, as it appears to us, was that given by Mr. Justice Burroughs, who said: "Notwithstanding the bar of the statute, the debt remains; the remedy only is gone."

The following are some of the cases we have examined in which it was held by the court below that evidence of a new promise might be received without having been spec-

ially pleaded in the replication, and no question made as to the correctness of the ruling, in this respect, in the appellate tribunals: Clementson *vs.* Williams, 8 Cr., 72; Wetzell *vs.* Burford, 11 Wheat., 309; Bell *vs.* Morrison, 1 Peters, 362; Moore *vs.* Bank of Columbia, 6 Peters, 86; Bangs *vs.* Hall, 2 Pickering, 368, and Cambridge *vs.* Hobart, 10 Peck, 232.

Gardner *vs.* Tudor, 8 Pick., 206, is a case where the new promise was averred in the replication; but neither there, nor in any other case, have we found an adjudication that this was necessary.

Indeed, such a doctrine would be an anomaly in pleading, for it would permit the plaintiff to set up in his replication a different cause of action from that contained in his declaration, which would amount to a departure.

This is manifest when we compare together the following portions of Section 440, 2 Greenleaf Ev., already referred to, and partly quoted:

"Where the statute is pleaded in bar, and the plaintiff would avoid the bar by proof of an acknowledgment of the claim, this can be done only under a special replication of a new promise within the period limited;" and "whenever therefore, the bar of the statute is sought to be removed by proof of a new promise, the promise, as a new cause of action, ought to be proved in a clear and explicit manner, and be in its terms unequivocal and determinate."

We are of opinion, therefore, that if the new promise be in fact a new cause of action, it cannot be set up in the first instance in the replication; and if it be not a new cause of action, but only serves to waive the bar of the statute, it need not be.

There are cases, undoubtedly, where the new promise does amount to the creation of a new cause of action, for which the old debt is a good consideration; and the distinction between these cases and those where the acknowledgment serves only to waive the Statute of Limitations,

and leaves the plaintiff's right to recover on the original cause of action, as it was at first, is thus stated by the Supreme Court of the United States in Wetzell *vs.* Bussard, 11 Wheat., 309, cited and approved in Bell *vs.* Morrison, 1 Peters, 361. The court there say: "An acknowledgment which will revive the original cause of action must be unqualified and unconditional. It must show positively that the debt is due in whole or in part.

" If it be connected with circumstances which in any manner affect the claims; or, if it be conditional, it may amount to a new assumpsit, for which the old debt is a sufficient consideration; or, if it be construed to revive the original debt, that revival is conditional, and the performance of the condition, or a readiness to perform it, must be shown."

This, however, is a branch of the subject which need not be followed any further, as the proof, in the present case, was of a new promise, absolute and unqualified, which, therefore, did not amount to a new cause of action, but left the plaintiff to recover on his original claim, as would have been his right had the statute never been passed.

*The judgment is therefore affirmed with costs.*