# CASES

## ARGUED AND DETERMINED

### IN THE

## CIRCUIT COURTS OF APPEALS AND DISTRICT COURTS OF THE UNITED STATES, AND COURT OF APPEALS OF THE DISTRICT OF COLUMBIA

---

### RAHILLY v. O'LAUGHLIN.

(Circuit Court of Appeals, Eighth Circuit. July 23, 1924.)

No. 6531.

**1. Appeal and error ⟊209(1)—When sufficiency of facts to support judgment only question reviewable.**

Where an action at law is tried to the court by stipulation, special findings are made, and no requests for findings are made nor exceptions taken, the only question open to review is whether the facts found sustain the judgment.

**2. Limitation of actions ⟊149(1)—Conditional new promise revives the debt subject to condition.**

A qualified or conditional promise to pay a debt barred by limitation will revive the debt only subject to such qualification or condition.

**3. Limitation of actions ⟊148(1)—Mere acknowledgment of debt not sufficient to remove bar of statute.**

The acknowledgment of a debt is not sufficient to remove the bar of the statute of limitations, unless such acknowledgment is one from which a promise to pay is clearly inferable.

**4. Limitation of actions ⟊148(1)—Express or implied promise to pay required to revive debt.**

To revive a debt barred by limitation, there must be an express promise of the debtor to pay the debt or else an express acknowledgment of the debt from which a promise to pay is clearly to be inferred.

**5. Limitation of actions ⟊150(1)—Letters held insufficient to revive debt barred by limitation.**

Letters written by the maker of notes, which had been barred by limitation for many years, to the payee, in which he acknowledged an indebtedness not specified, and stated his intention to pay "some" of the debt voluntarily as soon as he got enough ahead to do so, *held* insufficient to revive cause of action, at least when it was not shown that he had "enough ahead."

In Error to the District Court of the United States for the District of North Dakota; Andrew Miller, Judge.

1 F.(2d)—1

Action at law by Patrick H. Rahilly against James O'Laughlin, administrator of the estate of Michael O'Laughlin, deceased. Judgment for defendant, and plaintiff brings error. Affirmed.

John W. Willis, of St. Paul, Minn. (C. E. Leslie, of Hillsboro, N. D., on the brief), for plaintiff in error.

John Burke, of Fargo, N. D. (U. L. Burdick, of Fargo, N. D., on the brief), for defendant in error.

Before KENYON, Circuit Judge, and SCOTT, District Judge.

KENYON, Circuit Judge. Plaintiff in error brought action in the United States District Court of North Dakota, Southeastern Division, in December, 1922, against Michael O'Laughlin, on 14 promissory notes given by said O'Laughlin to him, dated September 30, 1896, in the sum of $1,000 each, and due one year after date. The defendant in said action, Michael O'Laughlin, who since said trial is deceased, in defense to the same claimed that the statute of limitations had run, and that in any event the debt had been wiped out by a proceeding in bankruptcy in the year 1902, wherein defendant was granted a discharge from his debts. The parties to the action stipulated that a jury should be waived and the action tried by the court, the judge thereof to make findings of fact and conclusions of law. This was done, and the same was duly entered upon the records, the court finding that the cause of action upon the notes sued upon did not accrue within six years before suit, and that the notes were barred by the statute of limitations of the state of North Dakota; that the letters written by the defendant in error to the plaintiff in error in May and

June, 1922, were too uncertain and indefinite as to the debt, amount and time of payment to raise the bar of the statute of limitations; that the indebtedness between the plaintiff in error and the defendant in error was discharged by the judgment in bankruptcy entered in the federal court on the 5th day of January, 1903; and upon the findings of fact and conclusions of law the court entered judgment in favor of the defendant in error.

[1] The case is brought here for consideration upon certain assignments of error. It should be noted that no requests were made upon the part of plaintiff in error for findings of fact or of law, and no exceptions were taken to any of the court's findings of fact or conclusions of law. Under this condition of the record the only question open to review under the special findings in this case is whether the facts found sustain the judgment. United States Fidelity & Guaranty Co. v. Board of Com'rs of Woodson County, Kansas, 145 Fed. 144, 76 C. C. A. 114; Seep v. Ferris-Haggarty Copper Mining Co. et al., 201 Fed. 893, 120 C. C. A. 191; United States v. Atchison, T. & S. F. Ry. Co. (C. C. A.) 270 Fed. 1; Pennok Oil Co. v. Roxana Petroleum Co. of Oklahoma (C. C. A.) 289 Fed. 416.

We are of the opinion that the findings of fact and the conclusions of law as to the statute of limitations are decisive of this case, and hence we pretermit discussion of the other questions. The notes signed were due in September, 1897. Except for a period of 3 years, defendant in error lived in North Dakota continuously during said time. This suit was commenced more than 25 years after the notes were due. Defendant in error lived in the state of North Dakota over 22 years after the notes were due, but no action was brought against him thereon, and during said time he had the benefit of the bankruptcy statute. The statute of limitation on such obligations in North Dakota is 6 years. Hence there is presented a suit commenced 19 years after the statute of limitations has run, or 16 years, if the time of absence from the state should be excluded. Clearly the action is barred, unless taken out of the statute by the two letters appearing in evidence, and, as the determination of the case rests upon the construction of these two letters, we set them out in full as follows:

"Williston, N. Dak., May 13, 1922.
"Mr. Patrick H. Rahilly, Lake City, Minn. —Dear Sir: Your letter received. I remember the promise made you to pay some

of my indebtedness. But the years that this country has gone through has left me poorer than when I came to it. However, I intend to pay some of this debt, as soon as I can get enough ahead to do so. But I cannot make any promise as to time now. But I will pay all I can without fail. I had no interest whatever in my brother's Frank's business here.
"Your truly, [Signed] M. O'Laughlin."

"Williston, N. Dak., June 11, 1922.
"P. H. Rahilly, Lake City, Minn.—Dear Sir: Your letter received. I notice all you say in it. When I am able to do something on that old affair, it will be done voluntarily. . And I hope this time is not far off. I do not see where law will hurry this matter, as I will do all I can without it.
"Yours truly, [Signed] M. O'Laughlin."

Are these letters sufficient to remove the bar of the statute? The statute of North Dakota on this subject is as follows (section 7394, chapter 4, Code of Civil Procedure, contained in the Compiled Laws of North Dakota 1913, viz.): "No acknowledgment or promise is sufficient evidence of a new or continuing contract, whereby to take the case out of the operation of this chapter, unless the same is contained in some writing signed by the party to be charged thereby; but this section shall not alter the effect of any payment of principal or interest." This North Dakota statute, like the statutes of most of the states on this subject, is based upon the well-known English act (St. 9 Geo. IV, c. 14), known as Lord Tenterden's Act. These statutes are rather similar in all the states, and are generally to the effect that no new promise takes the case out of the operation of the statute of limitations, unless that promise is in writing and signed by the party to be charged.

In Ruling Case Law, section 247, the general doctrine on the subject of acknowledgment is stated: "And it has been declared as a general rule, in respect to acknowledgments, that there must be one of these three things to take the case out of the statute: Either there must be an acknowledgment of the debt, from which a promise to pay is to be implied; or, secondly, there must be an unconditional promise to pay the debt; or, thirdly, there must be a conditional promise to pay the debt, and evidence that the condition has been performed." Section 248, Ruling Case Law, also suggests the following: "It is a general rule that a new promise to pay a debt or an unqualified acknowledgment of a debt from which a promise to

pay may be implied will take a case out of the statute, where it is not coupled with any refusal to pay or accompanied by any circumstances such as to repel the inference or to leave it in doubt whether the person intended to prolong the time of legal limitation, even though there is no express promise on the part of the debtors."

[2] From 1 Wood, Limitation of Actions, 229, § 77, we quote: "If a debtor annexes any qualification or condition to his acknowledgment or promise, it will not be operative to remove the statutory bar without proof of its performance; and a contrary rule would nullify the principle upon which the doctrine relating to acknowledgments rests. It is not the acknowledgment of itself which revives the debt, but the promise which the law raises from the acknowledgment; and, if that is conditional, it follows, as a matter of course, that the debt can only be revived subject to such conditions. The debtor, after the statute has run, is master of the situation. If the creditor expects to recover any portion of the debt, he must take it upon such terms as the debtor sees fit to dictate." It seems quite impossible to reconcile the many cases on this subject. Refined and natural distinctions arising upon individual circumstances make difficult at times the application of the proper principles and give rise to apparently innumerable differences of opinion.

[3] In considering the subject, it should ever be remembered that statutes of limitation are not now considered by the courts generally as based upon the presumption of payment from lapse of time, but are regarded as statutes of repose, for the peace, good order, and welfare of society. Therefore the mere acknowledgment of a debt is not sufficient, unless such acknowledgment is one from which a promise to pay is clearly inferable. Statutes of limitation are entitled to the same respect as other statutes. There is no reason why they should be frittered away. Bullion & Exchange Bank v. Hegler (C. C.) 93 Fed. 890, 894; Bell v. Morrison, 1 Pet. 351, 360, 7 L. Ed. 174; Shepherd v. Thompson, 122 U. S. 231, 7 Sup. Ct. 1229, 30 L. Ed. 1156.

As a matter of interest we refer to, and quote from, the decisions of the Supreme Court of the United States, in some of which that court has called attention to the abuses that arose from ancient holdings of courts that mere acknowledgment of a debt was sufficient to toll the statute, and of the necessity of not further extending such doctrine. In the early case of Clementson v. Williams, 8 Cranch, 72, 74 (3 L. Ed. 491), Chief Justice Marshall said: "The statute of limitations was not enacted to protect persons from claims fictitious in their origin, but from ancient claims, whether well or ill founded, which may have been discharged, but the evidence of discharge may be lost. It is not then sufficient, to take the case out of the act, that the claim should be proved or be acknowledged to have been originally just; the acknowledgment must go to the fact that it is still due." In Wetzell v. Bussard, 11 Wheat. 309, 6 L. Ed. 481, the court said that an acknowledgment which will revive the original cause of action must be unqualified and unconditional, and that the declarations there relied on could not be construed into a revival of the original cause of action.

In the very leading case of Bell v. Morrison, 1 Pet. 351, 362 (7 L. Ed. 174), the court entered into a somewhat extended discussion of the subject, saying: "If the bar is sought to be removed by the proof of a new promise, that promise, as a new cause of action, ought to be proved in a clear and explicit manner, and be, in its terms, unequivocal and determinate; and if any conditions are annexed, they ought to be shown to be performed. If there be no express promise, but a promise is to be raised by implication of law, from the acknowledgment of the party, such acknowledgment ought to contain an unqualified and direct admission of a previous, subsisting debt, which the party is liable, and willing, to pay. If there be accompanying circumstances, which repel the presumption of a promise or intention to pay; if the expressions be equivocal, vague and indeterminate, leading to no certain conclusion, but at best to probable inferences, which may affect different minds in different ways; we think, they ought not to go to a jury as evidence of a new promise, to revive the cause of action. Any other course would open all the mischiefs against which the statute was intended to guard innocent persons, and expose them to the danger of being entrapped in careless conversations, and betrayed by perjuries. * * * The acknowledgment of the party, then, does not constitute the sole ground of the new implied promise; but it requires other intrinsic aid, before it can possess legal certainty. Now, if this be so, does it not let in the whole mischief intended to be guarded against by the statute? Does it not enable the party to bring forward stale demands, after a lapse of time, when the proper evidence of the real state

of the transaction cannot be produced? Does it not tend to encourage perjury, by removing the bar, upon slight acknowledgments of an indeterminate nature?"

In Moore v. Bank of Columbia, 6 Pet. 86, 93, 8 L. Ed. 329, the question was as to certain language of the defendant being sufficient to prevent the statute of limitations from barring the action, and the court, reasserting the doctrines of Clementson v. Williams, 8 Cranch, 71, 72, 3 L. Ed. 491; Wetzell v. Bussard, 11 Wheat. 309, 6 L. Ed. 481, and Bell v. Morrison, 1 Pet. 351, 7 L. Ed. 174, all before referred to, says: "The principle clearly to be deduced from these cases is that, in addition to the admission of a present subsisting debt, there must be either an express promise to pay, or circumstances from which an implied promise may fairly be presumed"—and refers to the enactment of Parliament of 9 Geo. IV, c. 14, as resultant from the great mischiefs "which had resulted from admitting vague and loose declarations in a great measure to set aside and make void the statute of limitations." The court held that the facts and circumstances in evidence fell far short of taking the case out of the statute of limitations; that there was no express promise to pay nor circumstances from which such promise might be implied; and, further, that the declarations were vague and indeterminate, leading only to probable inferences, and wound up by stating: "The whole declarations, taken together, do not amount either to an explicit promise to pay, made in terms unequivocal and determinate, or disclose circumstances from which an implied promise may fairly be presumed, one or the other of which this court has said is necessary to take the case out of the statute."

In Ft. Scott v. Hickman, 112 U. S. 150, 163, 5 Sup. Ct. 56, 63 (28 L. Ed. 636) referring to the Kansas statute on this subject, the court said: "Although an acknowledgment need not, under the Kansas statute, amount to a new promise, yet the rule is applicable that an acknowledgment cannot be regarded as an admission of indebtedness, where the accompanying circumstances are such as to repel that inference, or to leave it in doubt whether the party intended to prolong the time of legal limitations."

[4] In Shepherd v. Thompson, 122 U. S. 231, 7 Sup. Ct. 1229, 30 L. Ed. 1156, the court enters into a thorough and extended discussion both of the English and American cases on the subject, and approves the principles laid down by the preceding American cases that there must be an express promise of the debtor to pay the debt, or else an express acknowledgment of the debt from which a promise to pay is clearly to be inferred, which the court points out is in line with the general holding of the English courts that the writings must contain an express promise to pay the debt or be "in terms from which an unqualified promise to pay it is necessarily to be implied." Everett v. Robertson, 1 El. & El. 16, 19. The court refers to Philips v. Philips, 3 Hare, 281, 299, 300, where it is held that, "if the debtor promises to pay the old debt when he is able, or by installments, or in two years, or out of a particular fund, the creditor can claim nothing more than the promise gives him."

The California statute on this subject is almost identical with that of North Dakota, and the question of a new promise thereunder was considered by Morrow, Circuit Judge, in Bullion & Exchange Bank v. Hegler, 93 Fed. 890. The court says, referring to Lord Tenterden's Act, that its purpose was not to establish a new rule with respect to the character of the acknowledgment or promise, but related only to the kind of evidence by which the acknowledgment or promise should be proven, saying: "And it was never understood by the English courts that this act established the proposition that a mere acknowledgment of a debt was sufficient to interrupt the running of the statute of limitation." The letters in that case acknowledged that the defendant was indebted to plaintiff, but the court says it is not an acknowledgment from which a promise to pay the debt can be inferred; that it is not an unqualified acknowledgment because accompanied "with the condition that he cannot pay, or he does not see any chance to pay, unless he can turn some realty or other property into cash; and there is no evidence that this condition has been reached."

A number of fundamental propositions are amply sustained by these federal authorities, which can be applied as tests in the case at bar. They may be summarized as follows: To sustain a new action on an old indebtedness barred by the statute of limitations there must be a new promise to pay or an acknowledgment from which a new promise is clearly implied. If conditions are annexed to an express promise, it must be shown that they have been performed. The promise to pay must be direct, clear, definite, explicit—not vague, equivocal, or uncertain. An acknowledgment of the debt to supply an inference of promise to pay must

be distinct and unequivocal, as of a debt still subsisting as a personal obligation of the debtor and as one that he intends to pay.

[5] Testing the case at bar by these principles, what is the result? In the first letter from O'Laughlin to Rahilly of May 13, 1922, there is an admission that O'Laughlin had made theretofore a promise to him to pay some of his indebtedness. The letter does not state just what indebtedness. It makes no promise to pay any particular indebtedness, but does say that the writer intends "to pay some of this debt" as soon as he can get enough ahead to do so, but that he will not make any promise as to time; that he will pay all he can without fail. These letters should be taken together, and the second letter of June 11, 1922, from O'Laughlin to Rahilly, notifies him that, when he does pay something on the old affair, "it will be done voluntarily," and that he hopes the time is not far off; that he will do all he can without the interposition of the law; that law will not hurry the matter. There is in the two letters, fairly construed, a recognition of some kind of indebtedness from O'Laughlin to Rahilly. That, however, is not sufficient to set aside the statute and create a new cause of action. The extent of the promise is that he will pay all he can without fail; but this must be taken in connection with the balance of the letter, which indicates that he intends only to pay "some of the debt," and intends only to pay that "some" when he can get enough ahead to do so, and distinctly notifies Rahilly that he has no interest in his brother Frank's business—in other words, that it will not be paid out of that.

The second letter tends to negative any implication of intent to pay any particular sum. He notifies plaintiff in error that he cannot be forced by law. No particular willingness is shown to pay anything. Whatever is done is to be voluntary on his part: It is a notification, as expressed in the quotation from Wood on Limitation of Actions before referred to, that he "is master of the situation." These letters, construed together, certainly do not contain any clear and distinct promise to pay the notes sued on. They refer to indebtedness, but do not specify the indebtedness, nor are they such acknowledgment of the particular indebtedness as to raise any implication that O'Laughlin intended to pay these notes. Whatever the indebtedness was, the implication would be that he did not intend to pay all of it, because he expresses his intent as being to pay only "some of this debt." If

any of the expressions of either letter could be construed as a conditional promise, as plaintiff in error contends, and that the agreement is to pay when he gets "enough ahead to do so," then it is incumbent to show that he had "enough ahead to do so," and while some attempt is made to show that he received some part of his brother's estate, the record is insufficient to show that he had enough ahead when suit was brought to pay the debt in question. It would be a straining of language to hold that these letters were sufficient to show a new promise to pay, or such an acknowledgment as to imply such new promise. Indeed, the letters taken together show that he did not intend to commit himself to any definite promise to pay.

The conclusion of law of the court that these letters were too uncertain and indefinite as to debt, amount, and time of payment to set aside the bar of the statute of limitations was correct, and the judgment of the trial court is affirmed.