James Moore, Defendant below, now Plaintiff in Error v. The President, Directors and Company of the Bank of Columbia, Defendants in Error.

The principle clearly to be deduced from the decisions of this court on the statute of limitations is, that in addition to the admission of a present subsisting debt, there must be either an express promise to pay, or circumstances from which an implied promise may fairly be presumed.

An examination and summary of the decisions of this court on the statute of limitations.

The English statute of 9th May 1829, Geo. 4. ch. 14, relative to the limitation of actions.

ERROR to the circuit court of the United States for the county of Washington, in the district of Columbia.

This was an action on a promissory note drawn by James Moore, the plaintiff in error, in favour of Gilbert Docker, and by him indorsed to the Bank of Columbia. The note was for five hundred dollars, dated April 25th, 1816, and payable sixty days after date.

The suit was commenced on the 14th of July 1825. It was originally instituted under the provisions of the charter granted to the Bank of Columbia, by filing a copy of the note in the office of the clerk of the circuit court for the district of Columbia, and an order to the clerk from the president of the bank; upon which a writ of fieri facias was issued to the marshal of the district, commanding him to levy on the goods of the drawer of the note, the amount thereof with interest and costs.

On the return of the marshal that he had levied on the goods of the defendant; he, the defendant, appeared in court and alleged that he had a good and legal defence to plead in bar to the claim of the plaintiffs in the execution. The case was placed on the docket for trial; and a declaration on the note having been filed, the defendant pleaded the statute of limitations, and issue was joined thereon. A verdict was rendered for the plaintiffs, and judgment entered by the court.

On the trial the following bill of exceptions was tendered by the defendant in the circuit court; and, under the special allow-

[Moore v. The Bank of Columbia.]

ance of a writ of error by Mr Chief Justice Marshall, the case came before this court.

The plaintiffs, to support the issue aforesaid on their part, produced and read in evidence to the jury, the note and indorsement in the declaration mentioned, being the only cause of action produced or shown in this cause; which note and indorsement are in these words, to wit:—

*Washington City, April* 25, 1816.

$500.    Sixty days after date I promise to pay Gilbert Docker, or order, five hundred dollars, for value received, negotiable at the Bank of Columbia.          JAMES MOORE.

Credit the drawer.    G. D.

Indorsed—Pay the contents of the within note to the President, Directors and Company of the Bank of Columbia, or order.    Value received.    Gilbert Docker.

The plaintiffs, in order to prove an acknowledgement of the defendant within three years next before the commencement of this suit, so as to take the case on the said note out of the statute of limitations, produced William A. Rind, who testified that in the summer of 1823 he went into a tavern to read the newspapers, where he saw, in the public room, the defendant and two companions drinking, the defendant appearing to be elevated with what he had drank.    After the witness came into the room, and while sitting there looking at the newspapers, he overheard a conversation between the defendant and his two companions, in which they were bantering him about his independent circumstances, and his being so clear of debt or of the banks; when the defendant jumped up and danced about the room, exclaiming, " Yes, except one damned five hundred in the Bank of Columbia, which I can pay at any time."    No part of this conversation was addressed to the witness, nor did he take any part in it.    The witness had been for some time clerk in the Bank of Columbia, in Georgetown, but was then in the prison bounds in the city of Washington; and after his discharge from the prison bounds, immediately returned to the bank in Georgetown; he believes the defendant, at the time of the above conversation, knew him to be a clerk of the Bank of Columbia; and the defendant, at the time he used the expressions above mentioned, turned round and looked at the witness: the witness at the time knew that the

[Moore v. The Bank of Columbia.]

note in question was lying over in bank, and knows of no other five hundred dollar note of the defendant in that bank, but what was paid. The plaintiffs further proved, that, upon examination of their books, no other discounted note of the defendant stood charged to the defendant at the time of the said conversation.

Whereupon the counsel for the defendant prayed the court to instruct the jury that the evidence aforesaid did not import such an acknowledgement of the debt in question as was sufficient to take it out of the statute of limitations; which instructions the court refused, and permitted the said evidence to go to the jury as evidence of an acknowledgement to repel the bar of the statute. To which decision the defendant excepts, &c.

The case was argued by Mr. Z. C. Lee and Mr Jones for the plaintiff; and by Mr Lear and Mr Sergeant for the defendants.

For the plaintiff in error it was contended, that the promise upon which the drawer of the note was sought to be made liable, was too vague and indefinite. It was not made with the requisite deliberation, nor to a person capable of receiving it for the benefit of the holders of the note. No agent for the bank was present; nor were the circumstances of the case such as that a serious purpose of reviving an extinguished liability for the note could be inferred.

Nor was the promise such as was sufficient to take the case out of the statute of limitations. Cited, 1 Starkey's Rep. 73; 3 Taunt. Rep. 380; 3 Bingh. 329; 1 Serg. & Rawle, 176; 5 Binney, 530; 11 Johns. 146; 15 Johns. 511; 2 Pickering, 368; 8 Cranch, 72; 11 Wheat. 309, 314; 12 Wheat. 567; 1 Peters, 351, 362.

It was admitted that a clear unequivocal acknowledgement of a debt is sufficient to prevent the operation of the statute; but it must be, such as amounts to a new contract. The former liability will dispense with a new consideration; but in all other respects there must be enough to infer a new contract. Here there was not sufficient to sustain an action on the promise.

Mr Lear and Mr Sergeant for the defendants in error.

The decisions of this court have extended the operation of

[Moore v. The Bank of Columbia.]

the statute of limitations further perhaps than any other; yet this court has never said that an unconditional acknowledgement of a specific sum would not remove the bar without any promise to pay. On the contrary, there is a clear intimation in the case of Bowie and Henderson, 6 Wheat. 514, that it would.

In this case there is an unequivocal acknowledgement that five hundred is owing from the plaintiff to the bank. Five hundred what? The court must supply *something*, if it is to be left to the court, though it is rather the province of the jury, and should have been left to the jury to infer what kind of money was meant. But if the inference is for the court, will they not understand by it the legal and usual currency of the country? Would they say that a man, speaking of a debt of five hundred to a bank dealing in dollars and cents only, meant *pounds* and not dollars. The fair inference then is, that he meant either dollars or cents; but it is not likely that he would owe the bank a debt so small as five hundred cents, and if he did, he would not call it five hundred cents, but five dollars. It is only to an amount less than one dollar that we apply the denomination of cents, as fifty cents or seventy-five cents; but no one in common parlance speaks of five hundred cents. The only fair inference is, therefore, that he spoke of dollars, and must have meant a note of five hundred dollars which he owed the Bank of Columbia. This is corroborated by our showing that he actually did owe a note of five hundred dollars to that bank, for which he had been sued before he made the acknowledgement.

The acknowledgement then is, in itself, sufficient, according to the case of Bowie and Henderson. Is it necessary that it should be made to the plaintiff himself? Many, if not most of the cases, show that the acknowledgement is made to the person who is called as a witness to prove it. It was so in the case of Wetzell and Bussard, 11 Wheat. 309; and is decided to be binding by the case of Oliver v. Gray, 1 Har. & Gill, 218, to whomsoever made. This case of Oliver and Gray is decided by the highest court of the state of Maryland, upon the construction of a statute of that state, which is the very statute pleaded in the case at bar; and this court has repeatedly said, that it would adopt the rule of construction of the highest tribunal of a state as to their statutes and practice. If it be

[Moore v. The Bank of Columbia.]

contended that this is now by adoption a statute of this district, and that the case of Oliver and Gray has been decided lately, and since the adoption of the statute here to the case of Goldsborough v. Orr, 8 Wheat. 217, is relied upon; in which this court decided a point of practice under the attachment law of this district, upon the authority of a decision of the court of appeals of Maryland; so recent that it had not been reported, and was procured in manuscript from Annapolis, by one of the counsel in the cause.

If the acknowledgement is in itself sufficient, I cannot for a moment suppose that it is the less binding because made in a tavern, or while the man was drunk.

The cases of Cleminston v. Williams, 8 Cranch, 72; of Wetzell and Bussard, 11 Wheat. 309; and Bell and Morrison, 1 Peters, 352, have gone as far probably in extending the operation of the statute of limitations, as this court will go. This being such an *unqualified* acknowledgement of a *specific* debt as those cases seem to require, it is considered sufficient to remove the bar of the statute.

Mr Justice THOMPSON delivered the opinion of the Court.

The only question in this case is, whether the evidence offered upon the trial was sufficient to prevent the statute of limitation from barring the action.

The suit was founded upon a promissory note made by the plaintiff in error, bearing date the 25th of April 1816, by which, sixty days after date, he promised to pay Gilbert Docker or order five hundred dollars, value received, at the Bank of Columbia.

The note was duly indorsed to the Bank of Columbia, and in July 1825 a suit was commenced in the circuit court of the United States for the district of Columbia, upon that note. The statute of limitations, among other pleas, was interposed; and the plaintiff in the court below, to take the case out of the statute, proved by William A. Rind, that in the summer of 1823 he went into a tavern to read the newspapers, when he saw in the public room the defendant James Moore and two companions drinking, Moore appearing to be elevated with what he had drank; and whilst there, looking at the newspapers, he overheard a conversation between the defendant and his

[Moore v. The Bank of Columbia.]

two companions, in which they were bantering him about his independent circumstances, and of his being so clear of debt or of the banks, when the defendant jumped up and danced about the room, exclaiming, "Yes, except one damned five hundred in the Bank of Columbia, which I can pay at any time." No part of this conversation was addressed to the witness. The witness had been a clerk in the bank, but was then in the prison bounds in the city of Washington, and after his discharge from prison, he immediately returned to the bank in Georgetown. The witness believed the defendant knew him to be a clerk in the bank. At this time he, the witness, knew the note in question was lying over in bank, and he knows of no other five hundred dollar note of the defendant in that bank but what is paid. The plaintiffs further proved, that upon examination of their books, no other discounted note of the defendant stood charged to him at the time of the conversation referred to by the witness.

Upon this evidence the defendant prayed the court to instruct the jury that the evidence aforesaid did not import such an acknowledgement of the debt in question as was sufficient to take it out of the statute of limitations; which instruction the court refused, and permitted the evidence to go to the jury, as evidence of an acknowledgement to repel the bar of the statute. The jury found a verdict for the plaintiff. A bill of exceptions was taken to the decision of the court, and the case is brought here by writ of error.

The question as to what shall be a sufficient acknowledgement or promise to take a case out of the statute, has frequently received the attention and examination of this court, and the cases both in England and in this country have been critically reviewed. It is deemed unnecessary again to travel over this ground, but it is sufficient barely to apply some of the rules and principles to be extracted from these cases, to the facts in the one now before us.

This court, in the case of Cleminston v. Williams, 8 Cranch, 72, nearly twenty years since, expressed a very decided opinion, that courts had gone quite far enough in admitting acknowledgements and confessions to bar the operation of the statute of limitations, and that this court was not inclined to

[Moore v. The Bank of Columbia.]

extend them: that the statute was entitled to the same respect as other statutes, and ought not to be explained away. And from the course of decisions in the state courts, as well as in England, such seems to have been the general impression; and they have been gradually returning to a construction more in accordance with the letter, as well as the spirit and intention of the statute.

In the case referred to, it was laid down as a rule applicable to this question, that an acknowledgement of the original justice of a claim, was not sufficient to take the case out of the statute; but the acknowledgement must go to the fact that it was still due. And in Wetzell v. Bussard, 11 Wheat. 310, it is held, that the acknowledgement must be unqualified and unconstitutional, amounting to an admission that the original debt was justly demandable. If the acknowledgements are conditional, they cannot be construed into a revival of the original cause of action; unless that be done on which the revival was made to depend. It may be considered a new promise, for which the old debt is a sufficient consideration; and the plaintiff ought to prove a performance, or a readiness to perform the condition on which the promise was made.

This is the doctrine which prevails in the state courts generally. In New York it is held, that an acknowledgement, to take a case out of the statute of limitations, must be of a present subsisting debt. If the acknowledgement be qualified so, as to repel the presumption of a promise to pay, it is not sufficient evidence of a promise to pay, so as to prevent the operation of the statute. 15 Johns. Rep. 511; 6 Johns. Ch. Rep. 266, 290.

This question again, recently (1828), came under the consideration of this court in the case of Bell v. Morrison, 1 Peters, 352, and underwent a very elaborate examination; and the leading cases in the English and American courts were reviewed, and the court say, "we adhere to the doctrine in Wetzell v. Bussard, and think it the only exposition of the statute which is consistent with its true object and import. If the bar is sought to be removed by the proof of a new promise, that promise, as a new cause of action, ought to be proved in a clear and explicit manner, and be in its terms unequivocal and determinate."

If there be no express promise, but a promise is to be raised by implication of law from the acknowledgement of the party, such acknowledgement ought to contain an unqualified and direct admission of a previous subsisting debt, which the party is liable and willing to pay. If there be accompanying circumstances which repel the presumption of a promise or intention to pay, if the expressions be equivocal, vague and indeterminate, leading to no certain conclusion, but at best to probable inferences, which may affect different minds in different ways, they ought not to go to a jury as evidence of a new promise to revive the cause of action. Any other course would open all the mischiefs, against which the statute was intended to guard innocent persons, and expose them to the danger of being entrapped in careless conversations.

The principle clearly to be deduced from these cases is, that, in addition to the admission of a present, subsisting debt, there must be either an express promise to pay, or circumstances from which an implied promise may fairly be presumed.

And this is the conclusion to which the English courts, after a most vacillating course of decisions, had come, before the late act of parliament of Geo. IV. ch. 14. This act shows, in a very striking point of view, the sense of that country of the great mischiefs which had resulted from admitting vague and loose declarations, in a great measure to set aside and make void the statute of limitations.

That act (9th May 1829) recites, that, whereas various questions have arisen in actions founded on simple contract as to the proof and effect of acknowledgements and promises offered in evidence for the purpose of taking cases out of the operations of said enactments (statute of limitations), and it is expedient to prevent such questions, and to make provision for giving effect to the said enactments, and to the intention thereof: be it enacted, &c., that in actions of debt, or upon the case grounded upon any simple contract, no acknowledgement or promise by words only shall be deemed sufficient evidence of *a new or continuing contract*, whereby to take any case out of the operation of the said enactments, or to deprive any party of the benefit thereof; unless such acknowledgement or promise shall be made, or contained by or in

[Moore v. The Bank of Columbia.]

some writing to be signed by the party chargeable thereby. Martin's Treatise on Act 9 Geo. IV.

Although this act can have no direct bearing upon the question here, it serves to illustrate and confirm the fitness and policy of the course pursued by our courts, in cautiously admitting loose verbal declarations and promises to take a case out of the statute of limitations.

If the doctrine of this court, as laid down in the cases I have referred to, is to govern the one now before us, the facts and circumstances given in evidence fall very far short of taking the case out of the statute of limitations. There is no direct acknowledgement of a present subsisting debt; no express promise to pay; nor any circumstances from which an implied promise may fairly be presumed. The declarations of the defendant below were vague and indeterminate, leading to no certain conclusion, and at best to probable inference only; and indeed, if unexplained by any other evidence, they were senseless. It is left uncertain even whether the conversation referred to the note in question. The evidence that this was the only five hundred dollar note of his lying over in the bank, might afford a plausible conjecture that this was the one alluded to. But that is not enough, according to the rule laid down in Bell v. Morrison; nor is there any direct admission of a present subsisting debt due. The epithet which accompanied the declaration, would well admit of a contrary conclusion; and that there were some circumstances attending it that would lead him to resist payment. The assertion of his ability to pay, is no promise to pay.

The whole declarations, taken together, do not amount either to an explicit promise to pay, made in terms unequivocal and determinate, or disclose circumstances from which an implied promise may fairly be presumed; one or the other of which this court has said is necessary to take the case out of the statute.

The court below therefore erred in not giving the instructions prayed for by the defendant.

The judgment must accordingly be reversed, and the cause sent back, with directions to issue a venire de novo.