## RUPPERT *v.* BEAVANS.

STATUTE OF LIMITATIONS; ACKNOWLEDGMENT AND NEW PROMISE.

1. In the case of a simple contract debt, a new promise will be implied from a distinct and unequivocal acknowledgment by a debtor of the debt as a still subsisting personal obligation, and will remove the bar of the statute of limitations.

2. Where in the trial of an issue raised by a plea of the statute of limitations to an action on a promissory note, the evidence showed that within the statutory period, an agent of the plaintiff presented the note to the defendant and requested him to cut it "into two or three notes"; that the defendant said that he could not do that, and the agent then said "you know you owe it," to which the defendant replied, "I do that"; it was *held* that the acknowledgment of the debt was an unqualified one and sufficient to remove the bar of the statute.

No. 118. Submitted November 20, 1893.—Decided February 5, 1894.

HEARING on a bill of exceptions taken by the defendant to the rulings of the Supreme Court of the District of Columbia, holding a law term, in an action on a promissory note. *Affirmed.*

The COURT in its opinion stated the case as follows:

This case has been transferred to this court from the Supreme Court of the District of Columbia, under the act of Congress of February 9, 1893. The case was pending in the Supreme Court in General Term, on appeal from a special term of the Supreme Court, when this court was organized.

The action was brought on the 17th of April, 1889, upon a promissory note of Ellen Ruppert, as maker, for $2,187.06, dated March 6, 1883, payable one day after date, to the order of the defendant, Gustav Ruppert, and by him indorsed. The note was subject to certain credits indorsed thereon, the last of which was on January 13, 1885.

To the declaration on this note was pleaded the statute of limitations, and to which plea was replied a new promise within three years before suit brought.

At the trial it appeared that the defendant had made acknowledgment of the debt due on the note within three years before suit brought; and the question is, whether this acknowledgment, as made and proved, was sufficient to give rise to an implied promise to pay, and thus take the case out of the operation of the statute of limitations. The statute of limitations of actions in force in this District is the Maryland Act of 1715, Ch. 23, and Section 2 of that act, which contains the provision applicable to this case, is nearly an exact transcript of Section 3 of the English statute 21 Jas. I, Ch. 16, except as to the period of limitations.

It was proved, on the part of the plaintiffs, by witness Weide, that he knew the parties, and had been employed by Beavans & Shaw; that at the instance of the plaintiffs, he presented the note in suit to the defendant on the 19th of January, 1889; and that the defendant then acknowledged it. And, upon being requested to cut the amount into two or three notes, he refused to do so. And upon being asked whether he knew he owed the note, he said *he knew he owed it.*

Upon cross-examination, the witness stated that he presented the note in suit to the defendant, and told him that Mr. Shaw requested that the amount should be cut " into two or three notes." The defendant said, " he could not do this." The witness then said to defendant, " you know you owe it; " to which the defendant replied, "*I do that.*" And this witness, at the time, made a memorandum in a memorandum book, in the presence of the defendant, which was read in evidence, and is as follows: " Asked him to cut the note into 3. Would not do. Said to him, ' you know you owe it.' He said, 'I do that.' "

The plaintiffs rested their case upon this proof, and the defendant thereupon made request of the court to instruct the jury to return a verdict for the defendant, which the court refused to grant, and the defendant excepted.

The defendant was then examined as a witness for him-

self, and he swore that he had made no such acknowledgment as that sworn to by the witness Weide, and gave a different version of the interview between himself and that witness. And the defendant again renewed his application to the court to direct the jury to return a verdict for the defendant; but which application was refused, and the defendant excepted.

The court instructed the jury, in effect, that if they believed the witness Weide, and that the defendant made to that witness, the agent of the plaintiffs, an unequivocal and unqualified admission of the debt, and that it was still due and owing, the plaintiffs were not barred of their action by the statute of limitations, and they were entitled to recover. The defendant also excepted to this instruction. Under the instruction given, the verdict was for the plaintiffs, and the defendant appealed.

*Mr. Leon Tobriner* for the appellant:

1. By refusing to instruct the jury to return a verdict for the defendant, the court practically held that the alleged acknowledgment by the defendant was sufficient to remove the bar of the statute of limitations. This was error. *Bell* v. *Morrison*, 1 Pet., 362. The acknowledgment must be so distinct and unambiguous as to remove all hesitation in regard to the debtor's meaning. *Palmer* v. *Gillespie*, 95 Pa. St., 344; *Shaeffer* v. *Hoffman*, 113 Pa. St., 5. The admission must not only be unqualified in itself, but there must be nothing in the attendant acts or declarations of the defendant to qualify it, *or rebut the inference of willingness to pay*. Wood's Limitations of Actions, Sec. 170; *Bell* v. *Morrison, supra*. Tested by these unquestioned rules the alleged acknowledgment is not sufficient. The mere admission by a debtor that he *is aware of the fact* of his indebtedness, under the circumstances detailed by the testimony in this case, should not be construed into an *unqualified and direct admission* of a previous subsisting debt which the party is *liable and willing*

*to pay.* A debtor may well know that he morally owes a debt, and when interrogated with respect to the fact of such knowledge (as in this case), may admit it; and the fact that the debtor, in the same conversation, refuses to renew the debt by giving smaller notes, carries with it positive evidence that he did not intend to acknowledge the debt as one which he was *willing to pay.*

2. By its instruction, the court left it to the jury to ascertain whether the language claimed to have been used by the defendant amounted to an unequivocal and unqualified admission of indebtedness.

Whether certain language was used is a question of fact which should be submitted to the jury, but, whether such language amounts to a sufficient acknowledgment to bar the statute is a question of law and not one for interpretation by a jury.

*Messrs. Edwards & Barnard* for the appellees.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

We perceive nothing in this case of which the defendant can justly complain. The case, so far as his defense was concerned, was fully and fairly put to the jury; and if there was error committed, it was in not restricting the jury to finding the simple fact as to whether the admission or acknowledgment of the debt had been made to the agent Weide, in the terms sworn to by that witness.

The acknowledgment of the debt, according to the testimony of the witness Weide, was of a nature, clearly, to take the case out of the operation of the statute of limitations.

It was a distinct and unequivocal acknowledgment by the debtor, of the debt *as a still subsisting personal obligation,* from which an implied promise would arise. This, according to all the authorities, is all that is required to remove the bar of the statute, in the case of a simple contract debt, as in the present case. " The legal effect of *an acknowledgment* of a debt barred by the statute of limitations," says a late distinguished Vice-Chancellor of England,

"is that of a promise to pay the old debt, and for this purpose the old debt is a consideration in law. In that sense, and for that purpose, the old debt may be said to be revived. It is revived as a consideration for a new promise. But the new promise, and not the old debt, is the measure of the creditor's right. If a debtor simply acknowledges an old debt, the law implies from that simple acknowledgment a promise to pay it; for which promise the old debt is a sufficient consideration. But if the debtor promises to pay the old debt when he is able, or by installments, or in two years, or out of a particular fund, the creditor can claim nothing more than the promise gives him." *Philips* v. *Philips*, 3 Hare, 281, 299. And to the same effect are decisions of the Supreme Court of the United States, in cases taken up to that court from decisions made by courts of this District. In the case of *Wetzell* v. *Bussard*, 11 Wheat., 309, 325, the court, speaking by Mr. Chief Justice Marshall, said: "An acknowledgment which will revive the original cause of action, must be unqualified and unconditional. It must show positively that the debt is due in whole or in part. If it be connected with circumstances which in any manner affect the claim, or if it be conditional, it may amount to a new *assumpsit* for which the old debt is a sufficient consideration; or if it be construed to revive the original debt, that revival is conditional, and the performance of the condition, or a readiness to perform it, must be shown." These principles are fully stated and approved in the recent case of *Shepherd* v. *Thompson*, taken up from this District, and reported in 122 U. S., 231, where there is a full and careful review of the cases upon this subject. The leading case in the same court, of *Bell v. Morrison*, 1 Pet., 351, also lays down fully the same doctrine.

There was no condition or qualification coupled with the acknowledgment proved in this case. The defendant when reminded that he owed the debt, replied *that he did*, or, as repeated in another place, when the witness said to him, "you know you owe it," he simply replied, "*I do that.*"

That is to say, that he did owe the debt. Nothing could have been more unqualified than such acknowledgment. His refusal to break up the debt and to execute three different notes for it, was in no sense a qualification of the acknowledgment of the debt. Such refusal to execute new notes was founded, doubtless, upon good and independent reasons. He may not have wanted his notes to go into circulation, and to get into the hands of different persons; and instead of one person to have three to deal with as creditors. His unwillingness to divide the debt and execute new notes therefor, in no manner indicated a purpose or intention to repudiate the debt. The court, therefore, was entirely correct in refusing to direct the jury to render a verdict for the defendant. The prayer of the defendant for such an instruction, necessarily admitted the truth of every fact, and all rational conclusions therefrom, that tended to support the right of the plaintiffs to recover; and upon such concession, clearly, the instruction was properly denied.

With respect to the instruction that was given to the jury by the court, it would, perhaps, have been more strictly correct, to have simply instructed that if the jury believed the witness Weide, and that the defendant had made the acknowledgment of the debt in the terms testified to by the witness, such acknowledgment was legally sufficient to remove the bar of the statute. But, while this was not the form in which the instruction was given, the instruction was substantially correct, and was really more favorable to the defendant than he had any right to ask. He had, therefore, no just cause of complaint. The jury were directed that if they believed that the defendant made to the witness Weide, knowing him to be the agent of the plaintiff, " an unequivocal and unqualified admission that he then owed the debt; that it was then due and unpaid; and if he said nothing which indicated an unwillingness to pay, or an intention or determination not to pay, then the case was not barred by the statute, and the plaintiffs were entitled to recover."

To find the verdict for the plaintiffs, in accordance with

this instruction, the jury had, of necessity, to give credence to the testimony of the witness Weide, and to allow to the language employed by him, in proving the admission of the defendant, its natural meaning and import, such as the court would have placed upon it, if the instructions had been given in the form that we have indicated as proper. The instruction as given, therefore, was in no way prejudicial to the defendant, and affords him no ground of complaint. We shall therefore affirm the judgment, with costs.

*Judgment affirmed.*