# BEAN *v.* WHEATLEY.

## SAME *v.* SAME.

STATUTE OF LIMITATIONS; ACKNOWLEDGMENT OF DEBT AND IMPLIED PROMISE TO PAY.

1. Where a debtor upon being shown his account as posted in the ledger of his creditor stated to the latter, "that he was willing to settle his account and to pay what he owed, but that he did not see where he had been given credit for $100, furnished the plaintiff (creditor) to buy a horse," whereupon the credit was pointed out to him in the account, and on that occasion he made no further objection to the account, his acknowledgment is sufficient to raise an implied promise to pay what was really due on·the account posted in the ledger, so as to remove the bar of the statute of limitations.

2. A subsequent demand, made on the same day, by the debtor to the creditor, in such a case, that he be given credit in the account for $220 for building a stable and fence, will not overcome, qualify or defeat his previous acknowledgment; but if he desire to obtain the benefit of his counter-claim, he must plead it as a set-off and prove it as in other cases.

Nos. 837 and 838. Submitted November 1, 1898. Decided December 8, 1898.

HEARING on appeals from judgments upon verdicts in two actions of *assumpsit*, consolidated and tried together, the appellant being plaintiff in the court below in one action and defendant in the other. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Tracy L. Jeffords* and *Mr. M. J. Colbert* for the appellant:

1. The evidence in the case of any new promise or any acknowledgment on the part of Bean that he owed Wheatley anything was insufficient to carry the question to the jury, and it was error in the court below to refuse the appellant Bean's first prayer, to the effect that the plaintiff Wheatley was not entitled to recover for any of the items

in his account except the last three.   *Shepherd* v. *Thompson,* .
122 U. S. 236 ; *Moore* v. *Bank of Columbia,* 6 Peters, 41 ;
*Ruppert* v. *Beavans,* 2 App. D. C. 298; *Bell* v. *Morrison,* 1
Peters, 351; *Krebs* v. *Olmstead,* 137 Mass. 504.   Certainly the
alleged statement made to Wheatley by Bean, that he was
willing to pay what he owed and at the same time dis-
puting the correctness of the account which had been pre-
sented to him, is not such an unequivocal acknowledgment
of the debt as will remove the bar of the statute.

· 2. Mere payments on account by one party, for which credit
is given by the other, will not constitute mutual accounts.
*Webster* v. *Byrne,* 32 Md. 90; *Pond* v. *Williams,* 67 Mass. 630.

3. The fact that a debtor, upon being called upon for
payment, does not deny the validity of the claim, can not
be regarded as such an acknowledgment thereof as will
raise a promise to pay it.   Wood on Limitations (2d Ed.),
pp. 221–226; *Gardner* v. *Tudor,* 8 Pick. 206 ; *Cambridge* v.
*Hobart,* 10 Pick. 232 ; *Otterback* v. *Brown,* 2 MacArthur, 541.

*Mr. J. W. Wheatley, Mr. F. E. Mitchell,* and *Mr. O. B.
Hallam* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the
Court:

There are two cases and two appeals in the present rec-
ord, and in one of which cases the appellant, Thaddeus Bean,
was plaintiff, and in the other defendant, in the court below,
and the judgment in each of the cases was against the ap-
pellant Bean.   The cases were consolidated and tried together
in the court below, though separate verdicts and separate
judgments were entered.   Bean has appealed from each of
the judgments so rendered against him.

· The actions were in *assumpsit* upon matters of account.   It
appears that on January 12, 1897, Bean brought suit against
William G. Wheatley for $3,216; a large portion of which
claim was for alleged services rendered by the appellant at
the instance of the appellee.   To this claim the appellee

Wheatley pleaded the general issue and the statute of limitations. On the 12th of July following the appellee brought a counter-action against the appellant, on a claim of $542.38, an alleged balance due on account between the parties. To this latter action the appellant Bean pleaded the general issue, the statute of limitations, and set-off—the subject-matter of the set-off being the claim for which the first action was brought. Issues were joined on the pleas in both actions; and at the trial, upon the whole evidence, prayers were offered for instruction to the jury, some of which were granted and others refused; but they all related exclusively to the question whether the bar of the statute of limitations had or had not been removed as to the claim sued for by the appellee Wheatley. There is no question made as to the bar of the statute of limitations pleaded in the action of Bean against Wheatley.

There does not seem to have been any real question as to the correctness of the original charges in the account of the appellee Wheatley against Bean. Wheatley was a witness in his own behalf, and he proved that there was an unsettled account between himself and Bean, and that there was due and payable from Bean to the witness a balance of $542.38, the account being that sued on and filed with the declaration. That said account was continuous from May 8, 1882, to November 7, 1894, and that the items originally had been mostly entered on a blotter or day book, but some items of cash advanced had been entered on a cash book, and some on slips of paper, and all had been posted into a ledger; and all of said books were produced in court, and given in evidence at the trial. That during the period covered by the account there had been no settlement between the parties, and there had been no talk about a settlement until September or November, 1895; that the witness and Bean are brothers-in-law and for many years had been on the most intimate terms, but the friendly relations formerly existing between them had been broken up since the fall of 1895.

That in November or December, 1895, witness called Bean into his office and then and there asked him for a settlement, and exhibited to him the ledger, which showed the state of his account with witness, and which showed a balance of $464.38; but in this there was an error, owing to a duplicate credit that had been given of $78; that Bean, upon being asked for a settlement, replied that *he was willing to settle his account, and to pay what he owed,* but that he did not see where he had been given credit for $100 he had furnished witness with which to buy a horse, "Dick." That thereupon witness called Bean's attention to an entry which he claimed showed that credit—the entry being, "credit, by amount loaned about two years ago to buy horse Dick, $100." That Bean with the witness then went over several pages of the ledger, but he made no further objection to the account, or any part of it, and made no further acknowledgment of the account, or any part of it. That, on the same day, and shortly after the conversation over the account in the ledger, Bean returned to the witness and specifically demanded a credit of $220 for building a stable and fence; and witness denied his liability therefor, but offered to allow Bean a credit for the then value of the stable and fence, to be fixed by arbitrators, or to allow Bean to remove the erections. But Bean persisted in claiming a credit for the $220, upon which the witness and Bean disagreed, and separated, and there was nothing further said to each other about the account. The witness gave other evidence in relation to the dealings and transactions between himself and the defendant Bean, but such evidence, apart from that just stated, had no immediate tendency to prove an acknowledgement by the defendant Bean of an existing debt due by him to the plaintiff Wheatley. The plaintiff, in addition to the evidence given by himself, proved by his son, who had acted as the plaintiff's attorney, that the defendant Bean, in writing to the son as an attorney, with the claim in his hands for suit, said that he was willing to settle, but that the plaintiff

Wheatly owed him $220, for the stable and fence previously claimed.

The defendant Bean was a witness for himself, and he, in his testimony, controverted the evidence given by the plaintiff, and denied that he, the defendant, was indebted to the plaintiff in any amount.

The single question presented on this appeal by the rulings of the court below and the assignment of errors thereon, is, whether the evidence given by the plaintiff, and which we have above recited, was of a character to be submitted to the jury, from which they could properly find such an acknowledgement by the defendant of the plaintiff's claim as would remove the bar of the statute of limitations? This proposition was submitted to the court below in several aspects by the prayers of the respective parties, but upon the prayers granted, we think the question was fully and fairly submitted to the jury. And in order fully to understand the manner in which the case was presented in the trial below, it will be best to state the terms of the several prayers, as they were submitted for instruction to the jury, and ruled upon by the court.

The record shows that there were two prayers offered by the plaintiff Wheatley and both were granted by the court, and to the granting of these prayers the defendant Bean, excepted. The first of these prayers is as follows:

"If the jury believe from the evidence that the defendant Bean, within three years before the institution of the plaintiff's action, acknowledged to the plaintiff or to his attorney the correctness of the plaintiff's account then or theretofore shown to him, or expressed to the plaintiff an intention or willingness to settle the same without objection to any of the items, this constituted an implied promise to pay the same; and the limitation must be calculated from the date of such acknowledgment or expression."

The plaintiff's second prayer is as follows:

"The jury are instructed that if they believe from the

evidence that the defendant Bean, in response to a request from the plaintiff, came into the office of the plaintiff and was then and there shown and then and there examined the account of the plaintiff against himself, and the plaintiff then and there demanded a settlement, and the defendant then and there exclaimed, 'I do not see where you have given me credit for the one hundred dollars I loaned you to buy Dick,' and the plaintiff thereupon exhibited to him a credit entry of one hundred dollars 'loaned two years ago to buy horse Dick,' and that the defendant went away making no denial of the said account, but afterwards returned and exhibited a slip of paper upon which were certain memoranda purporting to relate to the cost of a certain shed erected on the premises of the plaintiff, and stated that the plaintiff promised to pay him for that, that such *subsequent* demand under the law is not a condition which would attach to the before-stated acknowledgment, if they believe such to have been made, as to the plaintiff's account so exhibited."

Of the two prayers shown to have been offered by the defendant Bean, the first was granted and is as follows:

"The jury are instructed upon the whole evidence that in the action of Wheatley against Bean, the plaintiff is not entitled to recover for any of the items mentioned in the account filed with the declaration other than the three items dated August 17, 1894, August 31, 1894, and October 9, 1894, unless the jury believe that the defendant Bean, within the period of three years prior to the institution of this suit, promised to pay the balance of said Wheatley's account sued on, or acknowledged the correctness of the same as a subsisting liability on his part, or made some payment on account thereof within the period of three years prior to the institution of said suit."

And the second of the defendant's prayers, which was rejected by the court, and to which rejection the defendant excepted, is as follows:

"The jury is instructed upon the whole evidence before them that in the suit of Wheatley against Bean, the plaintiff Wheatley is not entitled to recover for any of the items mentioned in the account filed with his declaration, except only the last three items, which are under date of August 17, 1894, August 31, 1894, and October 9, 1894, and that all other items in said account are barred by the statute of limitations."

Under the instructions given by the court, the jury found a verdict for the plaintiff Wheatley, for the sum of $410.50.

As will be observed, the defendant, in the first of his prayers, which was granted as an instruction, assumed that there was evidence sufficient to go to the jury, and to be considered by them, in arriving at their verdict upon the question of the acknowledgment of the debt by the defendant, to remove the bar of the statute. But in the second of the defendant's prayers, which was rejected, there is no reference whatever to the evidence before the jury reflecting upon the question of the defendant's acknowledgment of the debt, and the jury were simply instructed *as matter of law*, that the plaintiff's claim was barred by the statute of limitations. That there is a great diversity in the decisions of the courts of the country as to what will or will not constitute a sufficient acknowledgment of a subsisting debt to remove the bar of the statute of limitations, is manifest upon the slightest examination of the decided cases relating to the subject. Indeed, the same courts have not always been consistent in their rulings in respect to the question. But, upon the facts and circumstances in proof in this case, we think there was evidence proper to be submitted to the jury, from which they could find an acknowledgment by the defendant of a present, subsisting debt due the plaintiff, sufficient to remove the bar of the statute, according to the settled law of this District.

In the case of *Moore* v. *The Bank of Columbia*, 6 Pet. 86, a case taken up from the Circuit Court of this District, it

was held by the Supreme Court of the United States, that the principle clearly deducible from the previous cases decided by that court was, that, in addition to the admission of a present subsisting debt, there must be either an express promise to pay, or *circumstances from which an implied promise may fairly be presumed.* The previous cases referred to were those of *Wetzell* v. *Bussard*, 11 Wheat. 310, and *Bell* v. *Morrison*, 1 Pet. 352.

In the first of these cases, that of *Wetzell* v. *Bussard*, also a case from the Circuit Court of this District, it was held that an acknowledgment which will revive the original cause of action must be unqualified and unconditional. It must show positively that the debt is due in whole or in part. If it be connected with circumstances which in any manner affect the claim, or if it be conditional, it may amount to a *new assumpsit*, for which the old debt is a sufficient consideration; or if it be construed to revive the original debt, that revival is conditional, and the performance of the condition, or a readiness to perform it, must be shown.

This principle in the construction of the statute of limitations was reiterated and adhered to by the Supreme Court in the case of *Bell* v. *Morrison*, 1 Pet. 351. In this last mentioned case it was held, that "if there be no express promise, but a promise is to be raised by implication of law from the acknowledgment of the party, such acknowledgment ought to contain an unqualified and direct admission of a previous, subsisting debt, which the party is liable for and willing to pay. If there be accompanying circumstances which repel the presumption of a promise or intention to pay; if the expressions be equivocal, vague, and indeterminate, leading to no certain conclusion, but at best to probable inferences, which may affect different minds in different ways, they ought not to go to a jury as evidence of a new promise to revive the cause of action. Any other course would open all the mischiefs against which the statute was intended to guard innocent persons, and expose

them to the dangers of being entrapped in careless conversations and betrayed by perjuries." 6 Pet. 92. But no set form of words is required to constitute an acknowledgment of the debt. Such acknowledgment may be inferred even from facts or acts, without words of express acknowledgment, as from part payment of the claim, or other clear and definite recognition of the present existence of the debt in suit. 2 Greenl. Ev., Sec. 441. And in all cases, it is for the court to determine what kind of promise or acknowledgment is sufficient to remove the bar of the act of limitations, though the evidence offered to establish such promise or acknowledgment of the debt is required to be submitted to the jury, as in other cases of fact, under the direction of the court.

Now, in this case, there does not appear to have been any question or dispute as to the original correctness of the plaintiff's account, but only a question as to the allowance of credits. When shown his accounts as posted in the ledger of the plaintiff, the defendant said, according to the testimony of the plaintiff, "that he was willing to settle his account *and to pay what he owed,* but that he did not see where he had been given credit for $100, furnished the plaintiff to buy a horse;" and, upon having the credit pointed out to him in the account, the defendant, upon that occasion, made no further objection to the account and said nothing more about it, and left. But soon thereafter he reappeared and made claim for other or additional credit for the amount of a counter-claim of $220 for work done and material furnished in a certain erection upon the premises of the plaintiff. This was disputed by the plaintiff. The evidence given by the plaintiff, if believed by the jury, was certainly sufficient from which an implied promise could be raised to pay what was really due on the account posted in the ledger, that being the subject of the first interview. It is true, every acknowledgment offered by the plaintiff to remove the bar of the statute, must be taken altogether, and no evidence can be received to turn a denial

of the existence of a debt into an acknowledgment of a subsisting liability; and where the plaintiff thinks proper to introduce the defendant's declarations to prove an acknowledgment of the debt to remove the bar of the statute, he must be content to take them as they are proven, and can not be allowed to disprove them by other evidence inconsistent therewith. *Oliver* v. *Gray*, 1 H. & G. 204.

The defendant, however, can not be permitted, after he has made an acknowledgment, the effect of which may be to remove the bar, or to prevent the running of the statute, as to a particular account, upon a different occasion, by his declaration or claim, to overcome, qualify or defeat the effect of his previous acknowledgment. In such case as the present, if he desire to set up and obtain the benefit of his separate counter-claim, he must plead it as set-off and prove it as in other cases. It was to obtain the benefit of this principle that the second prayer of the plaintiff was offered; and in the granting of which, and the other instructions given by the court to the jury, we think the court was entirely correct, and we therefore affirm its judgment in both cases.

*Judgments affirmed.*