# GREEN *v.* REEVES.

---

LIMITATION OF ACTIONS; CONTRACTS; DIRECTION OF VERDICT.

1. A distinct and unequivocal acknowledgment by a debtor of a debt as a still subsisting obligation constitutes an implied promise to pay it, which, in the case of a simple contract, is sufficient to remove the bar of the Statute of Limitations. (Following *Ruppert* v. *Beavans,* 2 App. D. C. 298, and *Catholic University* v. *Waggaman,* 32 App. D. C. 307.)

2. Where on December 10, 1909, an owner of real estate agreed to convey the property to an intending purchaser on or before June 10, 1910, the title to be approved by a named title company as a good title,

NOTE.—As to whether expression of hope or expectation is a new promise which will toll the statute of limitations, see note in 38 L.R.A. (N.S.) 577.

and if he could not deliver such a title by that time to return a deposit of $100 made by the purchaser, unless the delay was not the fault of the owner, "and in case of unavoidable delay a reasonable additional time should be allowed," it was *held* in an action brought October 24, 1914, by the intending purchaser against the owner for the recovery of the $100 so deposited—in which action the evidence showed, *inter alia*, that the title company had refused to approve the defendant's title—that as a matter of law a reasonable time within which to convey the title had elapsed before the suit was instituted, and that the jury should have been instructed to return a verdict for the plaintiff for $100, with interest from the date on which the reasonable time for performance expired.

No. 3030.    Submitted October 9, 1917.    Decided November 12, 1917.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, on a verdict directed by the court, in an action to recover money deposited under a contract for the purchase of real estate.    *Reversed.*

The COURT in the opinion stated the facts as follows:

Galen E. Green sued James C. Reeves to recover $100 deposited by him with the latter on December 10, 1909, under a written contract by which it was provided that Reeves was to convey to Green a certain piece of property on or before June 10, 1910, the title to be approved "by the Columbia & Real Estate Title Insurance Company as a good record title unencumbered and without question or qualification whatsoever;" but that if defendant could not deliver such title before June 10, 1910, the plaintiff should be entitled to the return of the $100 "unless the delay was not the fault of defendant, and, in case of unavoidable delay, a reasonable additional time should be allowed." Reeves having failed to convey the property, Green on January 27, 1911, demanded from him through his attorney, W. Walton Edwards, the return of the $100. Mr. Edwards replied on January 28 that he had written to Mr. Reeves concerning the demand, and that as soon as he had heard from him he would let Mr. Green "know his position," and added, "Under the agreement as I understand it you are justified in throwing

up the bargain." Green wrote several letters after this, reiterating his demand for the return of the money; the last one being on March 15, 1911. On the latter date Mr. Edwards replied that it was yet impossible to comply with the agreement to convey the title, and suggested that, with Green's assistance and consent, a compromise might be effected with those who were making claims against the property. To this Green made no reply, and matters were permitted to rest until July 29, 1913. On that date Reeves wrote to Green the following letter:

"I am now ready to convey square 605 on the terms of our agreement entered into December 10, 1909, and which you recorded. As you know the delay in being able to deliver a clear title was not my fault, for as seen after entering into this agreement I proceeded to and did remove the cloud from the title of said square (except as to the Bride contract; which is now out of the way), and am now ready to comply with my part of said agreement.

"I shall expect you to close up this deal within thirty days. Please let me know at once your position in this matter, as if you do not close within thirty days and have no intention of doing so I shall want to know so as to determine what to do with my property."

Green did not answer, but at once ordered an examination of the title by the Columbia Company, which on January 21, 1914, certified that there were certain defects in it, and of course failed to approve it. In consequence Green was advised by counsel not to take the property, and he thereupon renewed his demand upon Reeves for the return of the $100, which the latter refused to make. Plaintiff filed his statement of claim in the lower court on October 24, 1914; and the defendant pleaded that he was not indebted as alleged, and set up the Statute of Limitations and a counterclaim for damages. At the close of the testimony the court, at the request of the defendant, peremptorily instructed the jury to return a verdict in his favor.

*Mr. John Ridout* for the appellant.

*Mr. W. Walton Edwards* and *Mr. P. H. Marshall* for the appellee.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

One party to a contract cannot terminate it without the consent of the other party, unless the latter has breached it (9 Cyc. 637), and whether he has done so is often a question of fact. Green, by declaring that Reeves had failed to perform, and demanding the return of the deposit, did not abrogate the contract, since Reeves withheld his consent. The latter, as his letters show, desired the contract to remain in existence in the expectation that he would be able to perfect the title. In his letter of July 29, 1913, he recognized the continued existence of the contract, and avowed his readiness to comply with its terms, which meant that he was ready to convey a good title or return the deposit of $100 in the event that he could not do so. If Green's cause of action was barred by the Statute of Limitations, a question we do not decide, this letter removed the bar. A distinct and unequivocal acknowledgment by the debtor of the debt as a still subsisting personal obligation constitutes an implied promise to pay it, and this, "according to all the authorities, is all that is required to remove the statute in the case of a simple contract ＊ ＊ ＊ ." (*Ruppert* v. *Beavans,* 2 App. D. C. 298–301; *Catholic University* v. *Waggaman,* 32 App. D. C. 307–316.)

At the time the defendant wrote the letter of July 29 he was not able to convey a fee simple title which met the approval of the Columbia company in accordance with his contract, as is shown by the certificate of that company; nor had he at any time prior to the commencement of this action tendered the conveyance of such a title. We think that as a matter of law, under the facts disclosed by this record, a reasonable time within which to convey the title contracted for had elapsed before this suit was instituted, and the jury should have been instructed that the plaintiff was entitled to recover the $100, with interest thereon from the date on which the reasonable time for performance had expired. Reversed, with costs; and cause remanded, with directions to grant a new trial.

*Reversed.*