## MOORE v. SNIDER.

No. 7322.

United States Court of Appeals for the District of Columbia.

Argued Dec. 5, 1939.

Decided Jan. 15, 1940.

Writ of Certiorari Denied April 8, 1940.

See —— U.S. ——, 60 S.Ct. 808, 84 L.Ed. ——.

Alfons B. Landa and Seth W. Richardson, both of Washington, D. C., for appellant.

Cornelius H. Doherty, of Washington, D. C., for appellee.

Before GRONER, C. J., and MILLER and VINSON, JJ.

GRONER, C. J.

Appellee (plaintiff below), as assignee of Garfinckel & Company, brought this action against appellant (defendant below) to recover $2,196.25, with interest. Defendant pleaded the statute of limitations, D.C.Code 1929, T. 24, § 341. Plaintiff replied that defendant had acknowledged the debt in writing within a year of the commencement of the suit. Defendant's rejoinder asserted the acknowledgment was obtained by fraudulent representations. The trial court, on the pleadings, granted plaintiff's motion for judgment. On this appeal the single question is whether the paper signed by the defendant under the circumstances described in the rejoinder revived the debt so as to defeat the statute of limitations.

The pleadings show that in 1930 appellant purchased merchandise to the amount of the claim from Garfinckel's store and promised to pay the account. In May, 1937, she signed a prepared form-statement, as follows:

"The balance of $2,196.25 as of close of business May 27, 1937, due the Julius Garfinckel & Co. does not include consigned merchandise and is correct, except as noted below.

"Exceptions. To the best of my knowledge the above is correct."

The paper was signed in response to a written request stating that the company's auditors were making a regular examination of its accounts and wished to verify them from an independent source. The communication contained the statement that it was not a dun but simply a request for

verification, and it is claimed appellant was induced to sign it by statements that the writing was for the one and only purpose of verifying books of account of Garfinckel & Company, and was of no legal significance whatever, when, as a matter of fact, the real purpose was to defeat the statute of limitations.

In this state of the record, appellant insists that the statute is not avoided unless the acknowledgment is made under conditions which show a clear intention to pay the debt, and that there is nothing to show such intention.

Appellee insists that the signed statement is a sufficient acknowledgment of the debt to remove the bar of the statute and that the alleged ground of fraud in the inducement was no more than a representation of law on which the defendant had no right to rely.

The trial court was of opinion that the acknowledgment of the debt as still subsisting was sufficient to avoid the statute, and in fairness to that court we are obliged to agree that words may be found in some of the cases in this jurisdiction which justify the conclusion. See Green v. Reeves, 47 App.D.C. 83, 86; Strong v. Andros, 34 App.D.C. 278, 281, 282, 19 Ann. Cas. 101; Catholic University v. Waggaman, 32 App.D.C. 307, 318-9. In those cases the acknowledgment itself was treated as the operative fact, but a review of the history of the rule will show that the acknowledgment is really only evidence of a promise to pay. The promise implied is what counts. This idea is inherent in our former decisions, even though at times it was not as clearly stated as the true rule required. See Ruppert v. Beavans, 2 App. D.C. 298, 301, 302; Bean v. Wheatley, 13 App.D.C. 473, 480; Hornblower v. George Washington University, 31 App.D.C. 64, 73, 74, 14 Ann.Cas. 696. And D.C.Code, Tit. 11, sec. 5, which requires acknowledgments to be in writing, speaks of "acknowledgment" as "sufficient evidence of a *new* or *continuing contract* whereby to take any case out of the operation of the statute of limitations." (Italics supplied.) It follows, we think, that the acknowledgment must not be accompanied by circumstances which negative any intention or promise to pay. Or, as was said by Mr. Justice Story in Bell v. Morrison, 1 Pet. 351, 362, 7 L.Ed. 174: "If there be no express promise, but a promise is to be raised by implication of law, from the acknowledgment of the party, such acknowledgment ought to contain an unqualified and direct admission of a previous, subsisting debt, which the party is liable, and willing, to pay. If there be accompanying circumstances, which repel the presumption of a promise or intention to pay; if the expressions be equivocal, vague and indeterminate, leading to no certain conclusion, but at best to probable inferences, which may affect different minds in different ways; we think, they ought not to go to a jury as evidence of a new promise, to revive the cause of action."

And see on the same subject, Shepherd v. Thompson, 122 U.S. 231, 7 S.Ct. 1229, 30 L.Ed. 1156, and the cases cited therein.

In Hayden v. International Banking Corp., 59 App.D.C. 313, 41 F.2d 107, 109, upon which appellee chiefly relies, the debtor, in correspondence with his creditor, referred to his obligation a number of times as "a note of mine", "your loan to me", and proposed "arranging with you about my note on the best terms possible", in line with which he was continuing his efforts to sell some property and if he did it would simplify his position considerably. Reading this correspondence in its entirety, we held that there was a sufficient acknowledgment from which a promise to pay might be implied, and in all of our other cases cited by appellee the facts show an unconditional acknowledgment and circumstances raising at least an implication of a promise to pay. The use of language in some of them indicating that an acknowledgment by the debtor of the debt as still subsisting, of itself defeats limitations, was unfortunate and, in the facts of the cases, unnecessary. It would hardly be contended that if the debtor wrote his creditor admitting the debt but asserting that he did not intend to pay it, the admission would in the circumstances bar the statute, and yet this would be the necessary effect of applying the rule for which appellee contends. We think, to the contrary, that in order to supply an inference of "a new or continuing contract", the circumstances of the acknowledgment must show a clear intention to pay the debt. See Rahilly v. O'Laughlin, 8 Cir., 1 F.2d 1, a case arising on a statute in all material respects identical with that in the District of Columbia.

In the instant case collection of the debt sued on had been barred by the statute for more than four years. Appellant alleges in her replication that the written

acknowledgment was obtained by her creditor by falsely stating to her that her admission of the correctness of the account was "for the one and only purpose of verifying its accounts and was of no legal significance whatsoever" and that, except for this representation, she would not have signed the paper. If this statement is true, the only reasonable inference therefrom repels the thought that the acknowledgment of itself implied a promise or willingness to pay the debt. In these circumstances, we think the court below was in error in entering judgment on the pleadings. Defendant should be permitted to introduce evidence to prove the allegations in her rejoinder, and if it shall appear that the accompanying circumstances under which the acknowledgment was made are such as to repel or leave in doubt the inference that appellant intended to indicate a willingness to pay, the plaintiff ought not to have judgment.

Reversed and remanded.