### GARFINKLE v. NEEDLE.
### No. 11323.

United States Court of Appeals
District of Columbia Circuit.

Decided Dec. 11, 1952.

5. 1950, 86 U.S.App.D.C. 331, 182 F.2d 99.

"out of the operation of the statute of limitations." Compare Moore v. Snider, 1940, 71 App.D.C. 293, 109 F.2d 840, certiorari denied 309 U.S. 685, 60 S.Ct. 808, 84 L.Ed. 1029.

The judgment of the District Court will accordingly be

Affirmed.

Joseph Luria, Washington, D. C., with whom William R. Lichtenberg, Washington, D. C., was on the brief, for appellant.

Hans A. Nathan, Washington, D. C., with whom Bert B. Rand and Lynne A. Kaufman, Washington, D. C., were on the brief, for appellee.

Before WILBUR K. MILLER, BAZELON and WASHINGTON, Circuit Judges.

PER CURIAM.

This is an appeal from the judgment for the plaintiff-appellee in a suit on a promissory note. The sole defense raised was that of the three-year statute of limitations, D.C.Code § 12–201 (1951 Ed.). The note as introduced by the plaintiff-appellee was dated November 1, 1946. Suit was filed on October 31, 1949—one day before the expiration of three years. Prima facie, therefore, the statute of limitations would have no application. Defendant-appellant, however, urges that the note was actually signed in January 1949 and was left undated. He further alleges that it was given in substitution for a note which was signed in June of 1946 and later dated November 1, 1946.

We consider that the second note, here sued on, is enforceable. It was given by the defendant-appellant in return for the surrender to him of the first note, which at that time (January 1949) could unquestionably have been the basis of suit. The second note was a direct promise to pay and thus clearly comes within the scope of D. C.Code § 12–305 (1951 Ed.), under which "a new or continuing contract" takes a case